| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>Law Office of Baruch C. Cohen, APLC<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, CA 90010<br>Office (323) 937-4501 \| Cell (323) 353-9535<br>Facsimile: (888) 316-6107<br>Email: baruchcohen@baruchcohenesq.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:*  Movant

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>SALVADOR PEREZ | CASE NO.: 2:18-bk-21560-VZ<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>RELIEF FROM THE AUTOMATIC STAY<br>  UNDER 11 U.S.C. § 362 (Action in Non-bankruptcy Forum)<br><br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 05/07/2019<br>TIME:  9:30 am<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street<br>          Los Angeles CA 90012 |

1. TO (*specify name*):  SALVADOR PEREZ AND HIS ATTORNEY OF RECORD

2. NOTICE IS HEREBY GIVEN that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.


Date:   04/08/2019

Law Office of Baruch C. Cohen, APLC
Printed name of law firm


/s/ Baruch C. Cohen
Signature


Baruch C. Cohen
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>Law Office of Baruch C. Cohen, APLC<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, CA 90010<br>Office (323) 937-4501 \| Cell (323) 353-9535<br>Facsimile: (888) 316-6107<br>Email: baruchcohen@baruchcohenesq.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>SALVADOR PEREZ<br><br><br><br><br><br><br>                                    Debtor(s). | CASE NO.: 2:18-bk-21560-VZ<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 05/07/2019<br>TIME: 9:30 am<br>COURTROOM: 1368 |

**Movant**: Belinda Kim Jarvis

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 1                          **F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  __04/08/2019__

Law Office of Baruch C. Cohen, APLC
Printed name of law firm (if applicable)

Baruch C. Cohen
Printed name of individual Movant or attorney for Movant

/s/ Baruch C. Cohen
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION**

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Belinda Kim Jarvis vs Salvador Perez

   b. *Docket number*: LASC # BC670261

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      LOS ANGELES SUPERIOR COURT

   d. Causes of action or claims for relief (Claims):
      PERSONAL INJURY - DOG BITE: STRICT LIABILITY PER CIVIL CODE §3342, §3342.5, NEGLIGENCE, & PREMISES LIABILITY

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☐ 11 ☐ 12 ☒ 13
      was filed on (*date*)  _10/01/2018_ .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 3                                **F 4001-1.RFS.NONBK.MOTION**

f. ☒ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
DEBTOR OMITTED MOVANT's CLAIM WHICH IS IN EXCESS OF $10,000.000.00 RELATED TO A VISCIOUS DOG BITE CASE

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
Dr. Applebaum's Medical & Billing Records; Belinda Kim Jarvis vs Salvador Perez, LASC # BC670261; sett/ements/verdicts in similar cases (See Proof of Claim and exhibits attached as Exhibit 1

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 4        **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  04/08/2019

Law Office of Baruch C. Cohen, APLC
Printed name of law firm (*if applicable)*

 Baruch C. Cohen
Printed name of individual Movant or attorney for Movant


 /s/ Baruch C. Cohen
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) __MINH T. NGUYEN' ESQ_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐  I am the Movant.
    ☒  I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐  I am employed by Movant as (*title and capacity*):
    ☐  Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒  Plaintiff
    ☐  Defendant
    ☐  Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: BELINDA KIM JARVIS vs SALVADOR PEREZ
    b.  *Docket number*: LASC # BC670261
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        LOS ANGELES SUPERIOR COURT

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        PERSONAL INJURY - DOG BITE, STRICT LIABILITY PER CIVIL CODE §3342, §3342.5,
        NEGLIGENCE, & PREMISES LIABILITY

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit __1-3__.

    c.  The Nonbankruptcy Action was filed on *(date)* __07/28/2017__.

    d.  Trial or hearing began/is scheduled to begin on (*date*) __TBD_____.

    e.  The trial or hearing is estimated to require __5-7__ days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.   Other defendants in the Nonbankruptcy Action are (*specify*):


6.   **Grounds for relief from stay:**

a.   ☒   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☒   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

   Debtor's insurance company is General Star Indemnity Company, Policy #IMA330957; the insureds are Salvador Perez dba Design Upholstery, with a policy limit of $1,000,000.00.

d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

   (1)   ☐   It is currently set for trial on (*date*) _____.

   (2)   ☒   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

      TRIAL WAS SET FOR 6-10-2019, BUT WAS VACATED UPON NOTICE OF BANKRUPTCY FILING

   (3)   ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☒   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

   (1)   ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2)   ☒   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      On 10-1-2018, the Debtor filed for Chapter 13 bankruptcy protection Case #2:18-bk-21560-VZ, omitting Ms. Jarvis from the Schedules of Creditors, the Creditor Mailing Matrix, and omitting the lawsuit from her Statement of Financial Affairs.

   (3)   ☐   Multiple bankruptcy cases affecting the Property include:

      (A)   Case name: _____
         Case number: _____         Chapter: _____
         Date filed: _____   Date discharged: _____   Date dismissed: _____
         Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:  Chapter:

Date filed:  Date discharged:  Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:

Case number:  Chapter:

Date filed:  Date discharged:  Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

4-5-2019

Date

MINH T. NGUYEN

Printed name

✳ _____

Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501      Fax (323) 937-4503
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Creditor BELINDA JARVIS*

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8                **LOS ANGELES DIVISION**

9

10  In re                              | Case No.  2:18-bk-21560-VZ
                                        | Assigned to the Honorable Vincent Zurzolo
11  SALVADOR PEREZ, DBA FDBA           | Chapter 13
    DESIGN UPHOLSTERY,
12
                                        |
13         Debtor                       |
                                        | **SUPPLEMENTAL DECLARATION OF**
14                                      | **MINH T. NGUYEN,  IN SUPPORT OF**
                                        | **MOTION FOR RELIEF FROM THE**
15                                      | **AUTOMATIC STAY UNDER 11 U.S.C. § 362**
                                        | **(WITH SUPPORTING DECLARATIONS)**
16                                      | **(ACTION IN NONBANKRUPTCY FORUM)**

17                                      | Date: 5-7-2019
                                        | Time: 9:30AM
18                                      | Place: 1368
                                        | Edward R. Roybal Federal Building and
19                                      | Courthouse at 255 E. Temple Street, Los Angeles,
                                        | California
20

21

22            **DECLARATION OF MINH T. NGUYEN, ESQ**

23         I, MINH T. NGUYEN, declare and state as follows:

24  1.   The facts stated below are true and correct to the best of my personal knowledge and if

25       called upon to testify to them, I could and would competently do so.

26  2.   I am a member in good standing and eligible to practice before all courts of the State of

27       California.

28

3.   I am the principal attorney and owner of Nguyen Lawyers, ALC

4.   I proudly represent Belinda Jarvis in the Los Angeles Superior Court case entitled: *Belinda Kim Jarvis vs Salvador Perez*, LASC # BC670261.

5.   This declaration is in support of the **MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**

### THE DEBTOR'S BANKRUPTCY

6.   On 10-1-2018, the Debtor filed for Chapter 13 bankruptcy protection, 2:18-bk-21560-VZ, omitting Ms. Jarvis from the Schedules of creditors, omitting her from the creditor mailing matrix, and omitting the lawsuit from her Statement of Financial Affairs.

7.   On 4-3-2019, Ms. Jarvis filed her Proof of Claim (Claim # 3) in this bankruptcy.[1] In support of said Proof of Claim, is my declaration detailing Ms. Jarvis' injuries, the value of the case, and I authenticate as exhibits Mr. Jarvis' medical bills and her state court complaint.

### THE DOG BITE INCIDENT

8.   On 1-12-2017, Salvador Perez's dog, Kiko, viciously attacked Ms. Jarvis' face. This incident occurred at Mr. Perez's place of business, at or near 316 N. Avalon Boulevard in the City of Wilmington, County of Los Angeles, State of California. The attack was unprovoked. Ms. Jarvis was merely bending down to tie her shoe when Kiko knocked down Ms. Jarvis and mauled her face. The dog severely bit various areas of her body including but not limited to the right side of her face, her lower chin, upper right cheek and lower and upper lips. The Debtor failed to have the dog under restraint or to take precautions to prevent the dog from attacking Ms. Jarvis. Following the attack, Ms. Jarvis was transported by ambulance to Harbor-UCLA Medical Center for emergency treatment.

---

[1]A true and correct copy of Ms. Jarvis' 4-3-2019 Proof of Claim is attached hereto as Exhibit "1" and is incorporated herein by this reference.

1

### MS. JARVIS' DAMAGES

2  9.   Ms. Jarvis had large and deep wounds on the right side of her face, chin, and lip. Her

3       wounds were vigorously irrigated and sutured under anesthesia. A tetanus shot was

4       administered.  It was noted that there was evidence of involvement of facial musculature

5       with likely in jury to right mental nerve.

6  10.  Below are photographs depicting Ms. Jarvis' injuries.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28









11.    On or about 1-17-2017, Ms. Jarvis underwent the painful process of having her sutures

1    removed from her face. It was noted that her ability to smile and the right angle of her lip

2    was restricted secondary to inferior lip laceration on the right. It was also noted that she

3    was unable to purse her lips.

4  12.    On or about 1-23-2017, Ms. Jarvis returned to the Harbor-UCLA emergency room due to

5    pain and increased swelling the areas where she was bit by Mr. Perez' dog. It was noted

6    that Ms. Jarvis was concerned that her right lower lip was not healing properly. The

7    examination showed that the right lower lip was thickened without obvious signs of

8    infection.

9  13.    On or about 2-9-2017, Ms. Jarvis returned to Harbor-UCLA for follow up with

10    otolaryngology. Ms. Jarvis reported numbness, tingling and burning on the right side of her

11    face. She expressed concerns that the scars on her face were raised. Ms. Jarvis received a

12    Kenalog injection in her face.

13  14.    On March 7, 2017, Ms. Jarvis returned to Harbor-UCLA for another follow up with

14    otolaryngology. She reported having shooting pain that wakes her in the evenings. The

15    records show Ms. Jarvis had right marginal nerve weakness. It was noted that she had

16    drooling and lack of sensation to upper lip and lower lip. She expressed concern about the

17    scars. Dr. Karam Badran recommended a speech pathology consult to help strengthen

18    lower lip function and possible scar revision.

19  15.    On July 7, 2018, Ms. Jarvis was evaluated by a plastic surgeon, Dr. Robert Applebaum. He

20    observed severe scarring in the right chin and lower lip area as well as the upper right

21    cheek area. In the upper right cheek, Dr. Applebaum noted a 3 cm scar with an

22    arrow-shaped appearance and a visible trapdoor deformity. The right chin area has a

23    vertical curved scar extending from the lip to the base of the chin, measuring 4 cm in one

24    vertical component and 2 cm in perpendicular component. He also noted significant

25    fullness and bunching of the tissue in the right chin area. Upon smiling, Dr. Applebaum

26    noted an accentuation of the injury and scarring. There is also a trapdoor deformity at the

27    lower end of the scar toward the base of the chin

28

16. Dr. Applebaum noted decreased sensation to pinprick in the area of the dog bite injury in the right chin and lower lip area. Ms. Jarvis' anterior open bite is at 3.2 cm which is at the low end of normal. Ms. Jarvis has a visible cosmetic deformity with loss of mucosal portion of the lip, as it tapers into the right oral commissure. Ms. Jarvis complained that the lip gets trapped, which contributes to the difficulty in speaking certain words and the whistling that occurs while she speaks.

17. Dr. Applebaum's diagnoses are as follows: 1. Status post severe dog bite injury to the right cheek and right chin and lip area. 2. A 3cm trapdoor deformity scar of the upper left cheek. 3. A complex set of scars in the right chin area measures 4cm and 2cm with a trapdoor deformity and loss of local sensation. 4. Cosmetic deformity of the right lateral lip with inversion of the lower lip at the lateral oral commissure.

18. Dr. Applebaum opined that Ms. Jarvis' injuries have reached a permanent-and-stationary status. With regard to the right upper cheek trapdoor deformity scar, Dr. Applebaum recommended that this scar should be revised to reduce the trapdoor deformity. He anticipates a single treatment with a 60% to 70% level of improvement after the scar revision surgery. With regard to the lower lip and chin scar complex, this difficult complex scarring will require scar revision surgery. Dr. Applebaum anticipates a single procedure to reduce the lower chin bunching of tissue and the trapdoor deformity. It is his opinion that even with a complex plastic surgery reconstruction, the scarring will only be improved in the range of 50%. Trapdoor deformities in this area are difficult to correct completely and oftentimes can recur to some degree. The interaction of the scar tissue with the right lower lip creating a mucosal inversion of the lateral lip will be very difficult to improve because it is likely due to deep muscle loss eliminating the portion of the lip retractor when she animates. There are no surgical methods to re-establish a normal lower lip retraction mechanism when the injury has been so severely disrupted.

### ESTIMATED COST OF FUTURE MEDICAL TREATMENT

19. The estimated cost of future medical treatment outlined in Dr. Applebaum's report are as

follows:

    a.    Scar revision of right upper cheek trapdoor deformity scar (1 treatment): Cost per treatment, surgeon's fee is $3,500.00 and facility/anesthesia is $2,500.00; total fee is $6,000.00.

    b.    Complex scar revision of right chin and lower lip scar: Anticipate a single treatment. Surgeon's fee is $6,500.00 and facility/anesthesia fee is $4,500.00; total fee is $11,000.00.

    c.    Dr. Applebaum opines that even with the use of complex plastic surgery reconstructive procedures, Ms. Jarvis will have moderate levels of improvement in both the cosmetic and functional aspects of her injury.

20. In addition to the apparent permanent deformities in her face, she has lost sensation in the right side of her face and chin area. Ms. Jarvis continues to suffer intermittent shooting pain in the right side of her face. Ms. Jarvis is self-conscious and embarrassed about her appearance. Further, the obvious scars are a constant reminder of the horrific attack.

## MEDICAL SPECIALS

21. Ms. Jarvis' medical specials to date are as follows:

    a.    Los Angeles Fire Department.............................................$1,566.00

    b.    Harbor-UCLA (January 2017, unk for Feb. 2017)...... .............$9,660.00

    c.    Dr. Applebaum..................................................................$950.00

    d.    Future medicals (per Dr. Applebaum's report) .......................$17,000.00

                                         Total    $29,176.00

## DEBTOR'S LIABILITY

22. In California, dog owners are strictly liable for bites and injuries that their dogs cause to other human-beings. Civil Code, section 3342 states in pertinent parts: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY 4-5-2019.wpd
4/5-9:06am

-17-

1    viciousness."

2    **INSURER'S DUTY TO SETTLE WITHIN POLICY LIMITS IN THIRD PARTY CASES**

3    23.    The implied covenant of good faith and fair dealing imposes on General Star, an insurer, a

4    duty to settle within the policy limits if it would be unreasonable not to do so. (*Johansen v.*

5    *California State Auto. Assn. Inter-Ins. Bureau*, (1975) 15 Cal.3d 9, 14-16.) If General Star

6    unreasonably refuses to settle, it is liable for the entire amount of any subsequent judgment

7    against the insured, even if that judgment is in excess of the policy limits.

8    24.    A duty to accept reasonable settlement demands is implied in order to protect the insured's

9    reasonable expectations in purchasing the insurance: "(I)n light of the common knowledge

10    that settlement is one of the usual methods by which an insured receives protection under a

11    liability policy, it may not be unreasonable for an insured ... to believe that a sum of money

12    equal to the limits is available and will be used so as to avoid liability on his part ... "

13    (*Crisci v. Security Ins. Co.*, (1967 ) 66 Cal.2d 425, 431.)

14    25.    In this way, an insured is protected from liability in excess of the policy limits as a result of

15    an insurer's gamble on the outcome of the case--a gamble that only the insured stands to

16    lose. (*Murphy v. Allstate Ins. Co.*, (1976) 17 Cal. 3d 937, 941.) As one court succinctly

17    stated the rule, "[a]n insurer cannot unreasonably refuse to settle within policy limits and

18    thus gamble with its insured's money to further its own interests." (*Western Polymer*

19    *Technology, Inc. v. Reliance Ins. Co.*, (1995) 32 Cal. App. 4th 14, 26 citing *Crisci v.*

20    *Security Ins. Co,*. (1967) 66 Cal. 2d 425, 431.)

21    26.    Whether an insurer acted reasonably in rejecting a settlement demand is a question of fact.

22    (*Cain v. State Farm Mut. Auto. Ins. Co.*, (1975) 47 Cal. App. 3d 783, 792.) The standard is

23    whether a prudent insurer, after having made an honest, intelligent, and knowledgeable

24    evaluation of the claim on its merits, (*Merritt v. Reserve Ins. Co.*, (1973) 34 Cal. App. 3d

25    858, 872-873) would have accepted the settlement demand if it alone were liable for the

26    entire judgment. (*Betts v. Allstate Ins. Co.*, (1984) 154 Cal. App. 3d 688, 706.)

27    27.    The reasonableness of a settlement offer depends on facts known or available to the insurer

28

1    (knowledge of which is imputed to the insurer) at the time of the proposed settlement: "The

2    reasonableness of a settlement offer is to be evaluated by considering whether, in light of

3    the victim's injuries and the probable liability of the insured, the ultimate judgment is likely

4    to exceed the amount of the settlement offer." (*Isaacson v. California Ins. Guar. Ass'n*,

5    (1988) 44 Cal.3d 775, 792, fn. 12.)

6    28.    The factors to be considered in determining whether the insurer reasonably evaluated the

7    settlement demand include: (*Merritt v. Reserve Ins. Co.*, (1973) 34 Cal. App. 3d 858, 876):

8        a.    The strength of the injured claimant's case on the issues of liability and damages;

9        b.    Attempts by the insurer to induce the insured to contribute to a settlement;

10       c.    The failure of the insurer to properly investigate the circumstances so as to

11             ascertain the evidence against the insured;

12       d.    The insurer's rejection of advice of its own attorney or agent;

13       e.    The failure of the insurer to inform the insured of a compromise offer;

14       f.    The amount of financial risk to which each party is exposed in the event of a refusal

15             to settle;

16       g.    The fault of the insured in inducing the insurer's rejection of the compromise offer

17             by misleading it as to the facts; and

18       h.    Any other factors tending to establish or negate bad faith on the part of the insurer.

19    29.    Such additional factors have been held to include the extent of settlement negotiations and

20    the timing of the insurer's rejection of the settlement demand. (**Critz v. Farmers Ins.**

21    **Group**, (1964) 230 Cal. App. 2d 788, 797.)

22    30.    As noted by the treatise: Croskey, Hesseman &Johnson, CAL.PRAC.GUIDE:

23    INSURANCE LITIGATION (The Rutter Group 2001), p. 2153, §§ 12:334 - 12:334.1:

24    Where damages certain but liability marginal: An insurer may be obligated to pay policy

25    limits on claims of marginal liability but involving potential damages greatly in excess of

26    policy limits. Injured Party makes a policy limit demand of $100,000 in a case where his

27    chances for recovery are only 10% but the damages would support a $5,000,000 verdict. A

28

"fair appraisal" of the claim may be $500,000 ($5 million x 10%). If so, the insurer would owe a duty to accept the $100,000 policy limits settlement demand because of a "substantial likelihood" of an excess verdict.

31. Insurers have been found to have acted unreasonably:

   a. when they placed blind faith in the expectation that expert testimony would overcome the plaintiff's claims; (*Crisci v. Security Ins. Co.*, (1967) 66 Cal. 2d 425, 431-432) (insurer acted unreasonably when it rejected a $10,000 demand while recognizing that $100,000 award might follow if the jury rejected the insurer's expert testimony);

   b. when they unquestioningly relied on the insured's statements regarding liability when mounting evidence was to the contrary. (*Betts v. Allstate Ins. Co.*, (1984) 154 Cal. App. 3d 688, 707); and

   c. when they relied on the advice of defense counsel even though their own personnel predicted high odds that the plaintiff would win and that a substantial excess judgment would be entered. (*Allen v. Allstate Ins. Co.*, (9th Cir. 1981) 656 F.2d 487, 489).

   d. The amount of an excess judgment raises an inference that the value of the claim was equal to the amount of the judgment, and therefore that the insurer's refusal to settle within policy limits was unreasonable. (*Johansen v. California State Auto. Assn. Inter-Ins. Bureau*, (1975) 15 Cal. 3d 9, 17.)

**VALUE OF THIS CASE**

32. Please note that without being arrogant, my firm has a track record of obtaining excess verdicts when insurance companies do not honor their promise to protect policyholders. For example, just this year alone, my firm obtained a $12,000,000.00 judgment on a $250,000.00 policy and $1,925,000.00 verdict on a $100,000 policy. The value of this case at trial is between $4,000,000.00 and $5,000,000.00.

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN,  IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY 4-5-2019.wpd
4/5-9:06am

-20-

**BELINDA KIM JARVIS VS SALVADOR PEREZ, LASC # BC670261**

33.  On 7-28-2017, Ms. Jarvis sued the Debtor for strict liability per Civil Code §3342, §3342.5, negligence, & premises liability.

34.  The Debtor's insurance company is General Star Indemnity Company, Policy Number: IMA330957, and the insureds are Salvador Perez dba Design Upholstery, with a policy limit of $1,000,000.00.

35.  On 12-19-2018, Ms. Jarvis issued Debtor a CCP section 998 offer to settle for $1,000,000 to be accepted by 1-18-2019 at 5:00pm. The implied covenant of good faith and fair dealing imposes on General Star Indemnity Company, an insurer, a duty to settle within the policy limits if it would be unreasonable not to do so. (*Johansen v. California State Auto. Assn. Inter-Ins. Bureau*, (1975) 15 Cal.3d 9, 14-16.) If General Star unreasonably refuses to settle, it is liable for the entire amount of any subsequent judgment against the insured, even if that judgment is in excess of the policy limits. Ms. Jarvis' CCP 998 Offer was rejected by operation of law.

36.  The current demand is $10,000,000.00, but a fair valuation is $5,000,000.00. The evidence of the claim are the photographs of the bites to Ms. Jarvis's face and the medical report from Dr. Robert Applebaum (attached). Attached are also settlements/verdicts for cases involving dog bites and either facial injuries or nerve injuries.[2]

**PURPOSE OF THIS MOTION TO LIFT THE AUTOMATIC STAY**

37.  Ms. Jarvis requests lifting the stay to proceed against the insurance policy, and to obtain the insurance bad-faith rights against the debtor's insurance company. The Debtor has a potentially valuable right to sue his insurance company for its failure to protect him by settling the dog-bite against him for the policy limits of $1,000,000. Ms. Jarvis requires that the Debtor assign her the rights to sue the insurance company to get the carrier to pay

---

[2]A true and correct copy of settlements/verdicts for cases involving dog bites and either facial injuries or nerve injuries is attached hereto as Exhibit "3" and is incorporated herein by this reference.

1    the $1,000,000.00 policy.

2  38.  Ms. Jarvis also requests lifting the stay to pursue punitive damages against the Debtor. Ms.

3    Jarvis has no intention of actually pursuing the Debtor personally for the punitive damages,

4    but there are important evidentiary issues at play. If punitive damages are allowed, then

5    Ms. Jarvis can then introduce some really bad facts that the Debtor has engaged in, ie., he

6    illegally converted his business into a rental property, he was a slumlord, hired a guard dog

7    to protect his property which attacked Ms. Jarvis, and then asked someone to lie about

8    what happened.

9

10    I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct. Executed April 5, 2019, at Los Angeles, California.

12                  By  /S/ V. Minh T. Nguyen

13                    MINH T. NGUYEN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY 4-5-2019.wpd
4/5-9:06am

-22-

| Fill in this information to identify the case: |
|---|
| Debtor 1    SALVADOR PEREZ |
| Debtor 2<br>(Spouse, if filing) |
| United States Bankruptcy Court for the: CENTRAL    District of CALIFOR<br>(State) |
| Case number 2:18-bk-21560-VZ |

Official Form 410

# Proof of Claim                                                      04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
BELINDA JARVIS
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
[X] No
[ ] Yes. From whom?_____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

BARUCH C. COHEN, ESQ.
Name
4929 WILSHIRE BLVD, # 940
Number    Street
LOS ANGELES, CA 90010
City        State        ZIP Code

Contact phone  323-937-4501
Contact email  baruchcohen@baruchcohenesq.com

Where should payments to the creditor be sent? (if different)

Name
Number    Street
City        State        ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**
[X] No
[ ] Yes. Claim number on court claims registry (if known)_____    Filed on ___/___/_____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
[X] No
[ ] Yes. Who made the earlier filing? _____

                                                                      B410

EXHIBIT 1 PAGE 1 of 134

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**
[X] No
[ ] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:____ ____ ____ ____

**7. How much is the claim?** $ 10,000,000.00 . Does this amount include interest or other charges?
[X] No
[ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

DOG BITE CASE LASC # BC670261

**9. Is all or part of the claim secured?**
[X] No
[ ] Yes.  The claim is secured by a lien on property.

**Nature of property:**
[ ] Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
[ ] Motor vehicle
[ ] Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 0.00
Amount of the claim that is secured: $ 0.00

Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ 0.00

Annual Interest Rate (when case was filed) 0.00 %
[ ] Fixed
[ ] Variable

**10. Is this claim based on a lease?**
[X] No
[ ] Yes. Amount necessary to cure any default as of the date of the petition.  $ 0.00

**11. Is this claim subject to a right of setoff?**
[X] No
[ ] Yes. Identify the property:_____

EXHIBIT 1 PAGE 2 of 134

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | [X] No | |
| | [ ] Yes. *Check one:* | |
| | [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 0.00 |
| | [ ] Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 0.00 |
| | [ ] Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 0.00 |
| | [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 0.00 |
| | [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ 0.00 |
| | [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ 0.00 |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

[ ] I am the creditor.
[X] I am the creditor's attorney or authorized agent.
[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  4-2-2019
                 MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

Name    BARUCH C. COHEN, ESQ.
        First name    Middle name    Last name

Title    _____

Company    LAW OFFICE OF BARUCH C. COHEN
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    4929 WILSHIRE BOULEVARD, SUITE 940
           Number    Street
           LOS ANGELES, CA 90010
           City    State    ZIP Code

Contact phone    323-937-4501    Email    baruchcohen@baruchcohenesq.com

---

Official Form 410    Proof of Claim    page 3

EXHIBIT 1 PAGE 3 of 134

Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501    Fax (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Creditor BELINDA JARVIS*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SALVADOR PEREZ, DBA FDBA DESIGN UPHOLSTERY,<br><br>          Debtor | Case No.  2:18-bk-21560-VZ<br>Assigned to the Honorable Vincent Zurzolo<br>Chapter 13<br><br><br>**DECLARATION OF MINH T. NGUYEN,  IN SUPPORT OF PROOF OF CLAIM** |

### DECLARATION OF MINH T. NGUYEN, ESQ

I, MINH T. NGUYEN, declare and state as follows:

1.    The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.    I am a member in good standing and eligible to practice before all courts of the State of California.

3.    I am the principal attorney and owner of Nguyen Lawyers, ALC

4.    I proudly represent Belinda Jarvis in the Los Angeles Superior Court case entitled: *Belinda Kim Jarvis vs Salvador Perez*, LASC #  BC670261.

5.    This declaration is in support of the **PROOF OF CLAIM** filed by Ms. Jarvis.

### THE DOG BITE INCIDENT

6.    On 1-12-2017, Salvador Perez's dog, Kiko, viciously attacked Ms. Jarvis' face. This

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN,  IN SUPPORT OF POC.wpd
4/2-2:41pm

EXHIBIT 1 PAGE 4 of 134

1    incident occurred at Mr. Perez's place of business, at or near 316 N. Avalon Boulevard in

2    the City of Wilmington, County of Los Angeles, State of California. The attack was

3    unprovoked. Ms. Jarvis was merely bending down to tie her shoe when Kiko knocked

4    down Ms. Jarvis and mauled her face. The dog severely bit various areas of her body

5    including but not limited to the right side of her face, her lower chin, upper right cheek and

6    lower and upper lips. The Debtor failed to have the dog under restraint or to take

7    precautions to prevent the dog from attacking Ms. Jarvis. Following the attack, Ms. Jarvis

8    was transported by ambulance to Harbor-UCLA Medical Center for emergency treatment.

9                              **MS. JARVIS' DAMAGES**

10   7.   Ms. Jarvis had large and deep wounds on the right side of her face, chin, and lip. Her

11   wounds were vigorously irrigated and sutured under anesthesia. A tetanus shot was

12   administered. It was noted that there was evidence of involvement of facial musculature

13   with likely in jury to right mental nerve.

14   8.   Below are photographs depicting Ms. Jarvis' injuries.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF POC.wpd
4/2-2:41pm

2

EXHIBIT 1 PAGE 5 of 134



9.    On or about 1-17-2017, Ms. Jarvis underwent the painful process of having her sutures

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF POC.wpd
4/2-2:41pm

EXHIBIT 1 PAGE 6 of 134

1   removed from her face. It was noted that her ability to smile and the right angle of her lip

2   was restricted secondary to inferior lip laceration on the right. It was also noted that she

3   was unable to purse her lips.

4   10.   On or about 1-23-2017, Ms. Jarvis returned to the Harbor-UCLA emergency room due to

5   pain and increased swelling the areas where she was bit by Mr. Perez' dog. It was noted

6   that Ms. Jarvis was concerned that her right lower lip was not healing properly. The

7   examination showed that the right lower lip was thickened without obvious signs of

8   infection.

9   11.   On or about 2-9-2017, Ms. Jarvis returned to Harbor-UCLA for follow up with

10   otolaryngology. Ms. Jarvis reported numbness, tingling and burning on the right side of her

11   face. She expressed concerns that the scars on her face were raised. Ms. Jarvis received a

12   Kenalog injection in her face.

13   12.   On March 7, 2017, Ms. Jarvis returned to Harbor-UCLA for another follow up with

14   otolaryngology. She reported having shooting pain that wakes her in the evenings. The

15   records show Ms. Jarvis had right marginal nerve weakness. It was noted that she had

16   drooling and lack of sensation to upper lip and lower lip. She expressed concern about the

17   scars. Dr. Karam Badran recommended a speech pathology consult to help strengthen

18   lower lip function and possible scar revision.

19   13.   On July 7, 2018, Ms. Jarvis was evaluated by a plastic surgeon, Dr. Robert Applebaum. He

20   observed severe scarring in the right chin and lower lip area as well as the upper right

21   cheek area. In the upper right cheek, Dr. Applebaum noted a 3 cm scar with an

22   arrow-shaped appearance and a visible trapdoor deformity. The right chin area has a

23   vertical curved scar extending from the lip to the base of the chin, measuring 4 cm in one

24   vertical component and 2 cm in perpendicular component. He also noted significant

25   fullness and bunching of the tissue in the right chin area. Upon smiling, Dr. Applebaum

26   noted an accentuation of the injury and scarring. There is also a trapdoor deformity at the

27   lower end of the scar toward the base of the chin

28

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF POC.wpd
4/2-2:41pm

EXHIBIT 1 PAGE 7 of 134

14. Dr. Applebaum noted decreased sensation to pinprick in the area of the dog bite injury in the right chin and lower lip area. Ms. Jarvis' anterior open bite is at 3.2 cm which is at the low end of normal. Ms. Jarvis has a visible cosmetic deformity with loss of mucosal portion of the lip, as it tapers into the right oral commissure. Ms. Jarvis complained that the lip gets trapped, which contributes to the difficulty in speaking certain words and the whistling that occurs while she speaks.

15. Dr. Applebaum's diagnoses are as follows: 1. Status post severe dog bite injury to the right cheek and right chin and lip area. 2. A 3cm trapdoor deformity scar of the upper left cheek. 3. A complex set of scars in the right chin area measures 4cm and 2cm with a trapdoor deformity and loss of local sensation. 4. Cosmetic deformity of the right lateral lip with inversion of the lower lip at the lateral oral commissure.

16. Dr. Applebaum opined that Ms. Jarvis' injuries have reached a permanent-and-stationary status. With regard to the right upper cheek trapdoor deformity scar, Dr. Applebaum recommended that this scar should be revised to reduce the trapdoor deformity. He anticipates a single treatment with a 60% to 70% level of improvement after the scar revision surgery. With regard to the lower lip and chin scar complex, this difficult complex scarring will require scar revision surgery. Dr. Applebaum anticipates a single procedure to reduce the lower chin bunching of tissue and the trapdoor deformity. It is his opinion that even with a complex plastic surgery reconstruction, the scarring will only be improved in the range of 50%. Trapdoor deformities in this area are difficult to correct completely and oftentimes can recur to some degree. The interaction of the scar tissue with the right lower lip creating a mucosal inversion of the lateral lip will be very difficult to improve because it is likely due to deep muscle loss eliminating the portion of the lip retractor when she animates. There are no surgical methods to re-establish a normal lower lip retraction

1  mechanism when the injury has been so severely disrupted. [1]

2

## ESTIMATED COST OF FUTURE MEDICAL TREATMENT

17. The estimated cost of future medical treatment outlined in Dr. Applebaum's report are as follows:

   a. Scar revision of right upper cheek trapdoor deformity scar (1 treatment): Cost per treatment, surgeon's fee is $3,500.00 and facility/anesthesia is $2,500.00; total fee is $6,000.00.

   b. Complex scar revision of right chin and lower lip scar: Anticipate a single treatment. Surgeon's fee is $6,500.00 and facility/anesthesia fee is $4,500.00; total fee is $11,000.00.

   c. Dr. Applebaum opines that even with the use of complex plastic surgery reconstructive procedures, Ms. Jarvis will have moderate levels of improvement in both the cosmetic and functional aspects of her injury.

18. In addition to the apparent permanent deformities in her face, she has lost sensation in the right side of her face and chin area. Ms. Jarvis continues to suffer intermittent shooting pain in the right side of her face. Ms. Jarvis is self-conscious and embarrassed about her appearance. Further, the obvious scars are a constant reminder of the horrific attack.

## MEDICAL SPECIALS

19. Ms. Jarvis' medical specials to date are as follows:

   a. Los Angeles Fire Department.............................................$1,566.00

   b. Harbor-UCLA (January 2017, unk for Feb. 2017)...... ..............$9,660.00

   c. Dr. Applebaum...................................................................$950.00

   d. Future medicals (per Dr. Applebaum's report) .......................$17,000.00

                      Total    $29,176.00

---

[1] A true and correct copy of Dr. Applebaum's Medical and Billing Records is attached hereto as Exhibit "1" and is incorporated herein by this reference.

### DEBTOR'S LIABILITY

20.   In California, dog owners are strictly liable for bites and injuries that their dogs cause to other human-beings. Civil Code, section 3342 states in pertinent parts: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness."

### VALUE OF THIS CASE

21.   Please note that without being arrogant, my firm has a track record of obtaining excess verdicts when insurance companies do not honor their promise to protect policyholders. For example, just this year alone, my firm obtained a $12,000,000.00 judgment on a $250,000.00 policy and $1,925,000.00 verdict on a $100,000 policy. The value of this case at trial is between $4,000,000.00 and $5,000,000.00.

### BELINDA KIM JARVIS VS SALVADOR PEREZ, LASC # BC670261

22.   On 7-28-2017, Ms. Jarvis sued the Debtor for strict liability per Civil Code §3342, §3342.5, negligence, & premises liability.[2]

23.   On 10-1-2018, the Debtor filed for Chapter 13 bankruptcy protection, 2:18-bk-21560-VZ, omitting Ms. Jarvis from the Schedules of creditors, omitting her from the creditor mailing matrix, and omitting the lawsuit from her Statement of Financial Affairs.

24.   The Debtor's insurance company is General Star Indemnity Company, Policy Number: IMA330957, and the insureds are Salvador Perez dba Design Upholstery, with a policy limit of $1,000,000.00.

25.   On 12-19-2018, Ms. Jarvis issued Debtor a CCP section 998 offer to settle for $1,000,000 to be accepted by 1-18-2019 at 5:00pm. The implied covenant of good faith and fair

---

[2]A true and correct copy of *Belinda Kim Jarvis vs Salvador Perez*, LASC # BC670261 is attached hereto as Exhibit "2" and is incorporated herein by this reference.

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF POC.wpd
4/2-2:41pm

EXHIBIT 1 PAGE 10 of 134

1    dealing imposes on General Star Indemnity Company, an insurer, a duty to settle within the

2    policy limits if it would be unreasonable not to do so. (*Johansen v. California State Auto.*

3    *Assn. Inter-Ins. Bureau*, (1975) 15 Cal.3d 9, 14-16.) If General Star unreasonably refuses

4    to settle, it is liable for the entire amount of any subsequent judgment against the insured,

5    even if that judgment is in excess of the policy limits. Ms. Jarvis' CCP 998 Offer was

6    rejected by operation of law.

7  26.    The current demand is $10,000,000.00, but a fair valuation is $5,000,000.00. The

8    evidence of the claim are the photographs of the bites to Ms. Jarvis's face and the medical

9    report from Dr. Robert Applebaum (attached). Attached are also settlements/verdicts for

10    cases involving dog bites and either facial injuries or nerve injuries.[3]

11

12    I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct. Executed April 2, 2019, at Los Angeles, California.

14

                    By   /S/ V. Minh T. Nguyen

15                     MINH T. NGUYEN

16

17

18

19

20

21

22

23

24

25

26

    [3]A true and correct copy of settlements/verdicts for cases involving dog bites and either facial

27  injuries or nerve injuries is attached hereto as Exhibit "3" and is incorporated herein by this reference.

28

C:\DATA\DOCS\JARVIS\DECLARATION OF MINH T. NGUYEN, IN SUPPORT OF POC.wpd
4/2-2:41pm

8

EXHIBIT 1 PAGE 11 of 134

# EXHIBIT - 1

EXHIBIT 1 PAGE 12 of 134

# Robert M Applebaum, MD

436 N Bedford Dr, Suite 203
Beverly Hills, CA 90210
(310) 550-7747
Fax: (310) 550-8822

| ADDRESSEE | REMIT TO |
|---|---|
| Belinda Jarvis | Robert Applebaum |
| 4670 W 134th St | 436 N Bedford Dr, Suite 203 |
| Hawthorne, CA 90250 | Beverly Hills, CA 90210 |
| | (310) 550-7747 |

To ensure proper credit - detach this portion and return with your remittance

| Date | Provider | Description | Charges | Credits | Balance | Pt. Resp. |
|---|---|---|---|---|---|---|
| 7/17/2018 | 1 | 99080 - SPEC REPORTS - USUAL MED COMUNICAJ/STAND RPRTG99080 | $950.00 | | | |
| | | | | | $ 950.00 | $ 950.00 |

| | |
|---|---|
| Due From Patient | $ 950.00 |
| Insurance Pending | $ 0.00 |
| Account Balance | $ 950.00 |

EXHIBIT 1 PAGE 13 of 134

### Robert M. Applebaum, M.D.
Plastic and Reconstructive Surgery
Diplomate of American Board of Plastic Surgery

436 North Bedford Drive, Suite 203, Beverly Hills, California 90210
Phone: 310.550.7747  Fax: 310.550.8822

## PLASTIC AND RECONSTRUCTIVE SURGERY EVALUATION

RE:                         JARVIS, BELINDA
DATE OF EXAMINATION:        July 17, 2018
DATE OF INJURY:             January 12, 2017

HISTORY OF INJURY:

Belinda Jarvis is a 56-year-old female who sustained dog bite
injuries to her face on January 12, 2017. The patient was taken
to Harbor General Hospital immediately following the injury
where she underwent washout and repair of a complex facial
injury under local anesthesia. The patient reported no
complications such as infection following the injury, and is
being evaluated today for the dog bite injury that she sustained
to her face on January 12, 2017.

CURRENT SUBJECTIVE COMPLAINTS:

1. Complaints of severe facial scarring in her left and right
   cheek and in the right chin area.
2. Complaints of numbness in the area of the chin surrounding
   the dog bite injury.
3. Complaints that her mouth and smile appear crooked.
4. Complaints that there is a bunching or "bubble" of tissue in
   her chin area.
5. Complaints of difficulty in pronouncing certain words.
6. Complaints that she has whistling when she speaks now.

PAST MEDICAL HISTORY:

Healthy 56-year-old female with no major medical illnesses.

PAST SURGICAL HISTORY:

As above, otherwise noncontributory.

MEDICATIONS:

None.

EXHIBIT 1 PAGE 14 of 134

RE:    JARVIS, BELINDA
DATE:  July 17, 2018
PAGE:  2

ALLERGIES:

None.

REVIEW OF SYSTEMS:

Noncontributory.

PHYSICAL EXAMINATION:

On inspection of the head and neck area, it is notable for
severe scarring in the right chin and lower lip area as well as
the upper right cheek area. In the upper right cheek, there is
a 3-cm scar with an arrow-shaped appearance. The scar has no
hypertrophic or keloid component; however, it does have a
visible trapdoor deformity. There is a puffy appearance to the
scar tissue that accentuates the trapdoor deformity.

Examination of the right chin area demonstrates a vertical
curved scar extending from the lip to the base of the chin,
measuring 4 cm in one vertical component and 2 cm in
perpendicular component. There is significant fullness and
bunching of the tissue, which contributes to the "bubble"
description that the patient has for her injured chin area.
Upon smiling, there is an accentuation of the injury and
scarring. There is also a trapdoor deformity at the lower end
of the scar toward the base of the chin. There is decreased
sensation to pinprick in the area of the dog bite injury in the
right chin and lower lip area. The patient's anterior open bite
is at 3.2 cm, which is at the low end of normal.

Cranial nerve VII is intact. There is no intraoral component to
the scarring, and the patient has a visible cosmetic deformity
with loss of a mucosal portion of the lip, as it tapers into the
right oral commissure. The patient also complains that the lip
gets trapped, which contributes to the difficulty in speaking
certain words and the whistling that occurs while she speaks.
Remainder of the head and neck exam is unremarkable.

EXHIBIT 1 PAGE 15 of 134

RE:    JARVIS, BELINDA
DATE:  July 17, 2018
PAGE:  3

DIAGNOSES:

1. Status post severe dog bite injury to the right cheek and
   right chin and lip area.
2. A 3-cm trapdoor deformity scar of the upper left cheek.
3. A complex set of scars in the right chin area measuring 4 cm
   and 2 cm with a trapdoor deformity and loss of local
   sensation.
4. Cosmetic deformity of the right lateral lip with inversion of
   the lower lip at the lateral oral commissure.

DISCUSSION:

Belinda Jarvis is a 56-year-old female who sustained a severe
dog bite injury to her face in two locations on January 12,
2017. It is my medical opinion that these injuries have reached
a permanent-and-stationary status. The patient has significant
cosmetic deformities in two areas along with some functional
component at the right lower lip. With regard to the right
upper cheek trapdoor deformity scar, it is my opinion that this
scar should be revised to reduce the trapdoor deformity. I
would anticipate a single treatment with a 60% to 70% level of
improvement after the scar revision surgery. With regard to the
lower lip and chin scar complex, this difficult complex scarring
will require scar revision surgery. I would anticipate a single
procedure to reduce the lower chin bunching of tissue and the
trapdoor deformity. It is my opinion that even with a complex
plastic surgery reconstruction, the scarring will only be
improved in the range of 50%. Trapdoor deformities in this area
are difficult to correct completely and oftentimes can recur to
some degree. The interaction of the scar tissue with the right
lower lip creating a mucosal inversion of the lateral lip will
be very difficult to improve because it is likely due to deep
muscle loss eliminating the portion of the lip retractor when
she animates. There are no surgical methods to re-establish a
normal lower lip retraction mechanism when the injury has been
so severely disrupted.

EXHIBIT 1 PAGE 16 of 134

RE:    JARVIS, BELINDA
DATE:  July 17, 2018
PAGE:  4

COST OF FUTURE MEDICAL TREATMENT:

1. Scar revision of right upper cheek trapdoor deformity scar:
   Anticipate a single treatment. Cost per treatment, surgeon's
   fee is $3500.00 and facility/anesthesia is $2500.00; total
   fee is $6000.00.
2. Complex scar revision of right chin and lower lip scar:
   Anticipate a single treatment. Surgeon's fee is $6500.00 and
   facility/anesthesia fee is $4500.00; total fee is $11,000.00.

SUMMARY:

Belinda Jarvis is a 56-year-old female who sustained a severe
dog bite injury to her right cheek and right chin areas. It is
my medical opinion that these injuries have reached a permanent-
and-stationary status at this time. Even with the use of
complex plastic surgery reconstructive procedures, she will have
moderate levels of improvement in both the cosmetic and
functional aspects of her injury. The cost of future medical
treatment is outlined above.

If you have any questions regarding this report, please do not
hesitate to contact my office.

Sincerely yours,

7-23-18

ROBERT M. APPLEBAUM, M.D.

EXHIBIT 1 PAGE 17 of 134



EXHIBIT 1 PAGE 18 of 134



EXHIBIT 1 PAGE 19 of 134

# EXHIBIT - 2

EXHIBIT 1 PAGE 20 of 134

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 28 2017

Sherri R. Carter, Executive Officer/Clerk

By: _M. Soto_, Deputy
Moses Soto

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
SALVADOR PEREZ; and
DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
BELINDA KIM JARVIS;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court's lien must be paid before the court will dismiss the case. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| CASE NUMBER:
(Número del Caso): | BC 670 261 |

Dept. 93

The name and address of the court is:
(El nombre y dirección de la corte es):
LOS ANGELES COUNTY SUPERIOR COURT-Central District
111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ROBERT M. ZAVIDOW    CA BAR NO: 84532 LAW OFFICES OF LARRY H. PARKER, INC.
350 San Antonio Drive  (562) 427-2044
Long Beach, CA 90807

DATE: JUL 28 2017    Clerk, by    SHERRI R. CARTER    M. Soto    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB.com | Essential Forms

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jarvis, Belinda    D17-00159

EXHIBIT 1 PAGE 21 of 134

1  | ROBERT M. ZAVIDOW, State Bar No. 84532
   | THE LAW OFFICES OF LARRY H. PARKER, INC.
2  | 350 San Antonio Drive
   | Long Beach, California 90807-0948
3  | (562) 427-2044   Fax (562) 490-9855
4  |
5  | Attorneys for Plaintiff Belinda Kim Jarvis
6  |
7  |
8  |
9  |

[SPACE BELOW FOR COURT USE ONLY]

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JUL 28 2017**

Sherri R. Carter, Executive Officer/Clerk
By: _M. Soto_, Deputy
Moses Soto

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

10 |
11 | BELINDA KIM JARVIS;
12 |         Plaintiff,
13 |    v.
14 | SALVADOR PEREZ; and
15 | DOES 1 through 100, Inclusive,
16 |         Defendants.

CASE NO.  **BC 670261**

**COMPLAINT FOR PERSONAL INJURIES**

17 |
18 |        Plaintiff Belinda Kim Jarvis alleges:
19 |                   FIRST CAUSE OF ACTION
20 |        (Against Salvador Perez for Strict Liability)
21 |                [Civil Code §3342, §3342.5]
22 |
23 |        1.    At all times herein mentioned, plaintiff Belinda Kim Jarvis was and
24 | is a competent adult residing in the City of Hawthorne, County of Los Angeles,
25 | California.
26 |        2.    At all times herein mentioned, defendant Salvador Perez was and
27 | is a natural person residing in the City of Wilmington, County of Los Angeles, California.
28 | ///

-1-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 22 of 134

1        3.    The true names and capacities of the defendants sued herein as

2   Does 1 through 100, inclusive, are unknown to plaintiff who therefore sues said

3   defendants by such fictitious names. Plaintiff Belinda Kim Jarvis is informed and

4   believes and thereon alleges that each of the defendants herein designated as a Doe is

5   legally responsible in some manner for the events and happenings herein referred to

6   and caused injury and damages to plaintiff as herein alleged.

7        4.    At all times alleged herein each defendant was the agent and

8   employee of each of his codefendants, and in doing the things herein described was

9   acting within the scope of his authority as such agent and employee.

10       5.    On or about January 12, 2017, defendant, on information and belief

11  was the owner of a dog which was at or near 316 N. Avalon Boulevard in the City of

12  Wilmington, County of Los Angeles, State of California.

13       6.    On or about January 12, 2017, plaintiff Brenda Kim Jarvis was

14  lawfully on the property located at the aforementioned address. Plaintiff Belinda Kim

15  Jarvis was at 316 N. Avalon when defendant's dog suddenly and viciously attacked her

16  with no provocation whatsoever on her part. The dog severely bit various areas of her

17  body including but not limited to the right side of her face, her lower chin, upper right

18  cheek and lower and upper lips, subjecting defendant to strict liability under Civil

19  Code §3342.

20       7.    As a cause of said conduct of defendants, and each of them,

21  plaintiff sustained personal injuries which caused and will continue to cause pain,

22  discomfort and physical disability to plaintiff, general damage in an amount according to

23  proof which in good faith is believed to be an amount within the jurisdictional limits of

24  this court.

25  ///

26  ///

27  ///

28  ///

-2-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 23 of 134

8.    As a further cause of said conduct of defendants, and each of them, plaintiff employed and will employ in the future physicians, surgeons and others for examination, treatment and care, and thereby incurred and will incur medical and incidental expense, the exact amount of which is unknown at this time and plaintiff will offer proof thereof at the time of trial.

9.    At the time of the described improper conduct of defendants, and each of them, plaintiff Belinda Kim Jarvis was gainfully employed for compensation, and as a further cause of defendants' conduct, and each of them, plaintiff has been and in the future will be deprived of earnings, the exact amount of which is unknown at this time, and plaintiff will offer proof thereof at the time of trial.

### SECOND CAUSE OF ACTION

(Against Salvador Perez for Negligence)

10.    At all times herein mentioned, plaintiff Belinda Kim Jarvis was and is a competent adult residing in the City of Hawthorne, County of Los Angeles, California.

11.    At all times herein mentioned, defendant Salvador Perez was and is a natural person residing in the City of Wilmington, County of Los Angeles, California.

12.    The true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff Belinda Kim Jarvis is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages to plaintiff as herein alleged.

13.    At all times alleged herein each defendant was the agent and employee of each of his codefendants, and in doing the things herein described was acting within the scope of his authority as such agent and employee.

-3-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 24 of 134

14.    On or about January 12, 2017, defendant, on information and belief was the owner of a dog which was at or near 316 N. Avalon Boulevard in the City of Wilmington, County of Los Angeles, State of California.

15.    On or about January 12, 2017, plaintiff Belinda Kim Jarvis was lawfully on the property located at the aforementioned address. Plaintiff, Belinda Kim Jarvis was at 316 N. Avalon Boulevard when defendant, negligently allowed defendant's dog to suddenly and viciously attack her with no provocation whatsoever on her part. The dog severely bit various areas of her body including, but not limited to, the right side of her face, her lower chin, upper right cheek and lower and upper lips.

16.    Defendant negligently failed to have the dog under restraint or to take precautions to prevent the dog from attacking plaintiff or other persons. Defendant's and each of them, were also negligent in that they failed to warn others of the presence of the vicious dog.

17.    As a cause of said conduct of defendants, and each of them, plaintiff sustained personal injuries which caused and will continue to cause pain, discomfort and physical disability to plaintiff, general damage in an amount according to proof which in good faith is believed to be an amount within the jurisdictional limits of this court.

18.    As a further cause of said conduct of defendants, and each of them, plaintiff employed and will employ in the future physicians, surgeons and others for examination, treatment and care, and thereby incurred and will incur medical and incidental expense, the exact amount of which is unknown at this time and plaintiff will offer proof thereof at the time of trial.

19.    At the time of the described improper conduct of defendants, and each of them, plaintiff Belinda Kim Jarvis was gainfully employed for compensation, and as a further cause of defendants' conduct, and each of them, plaintiff has been and in the future will be deprived of earnings, the exact amount of which is unknown at this time, and plaintiff will offer proof thereof at the time of trial.

-4-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 25 of 134

### THIRD CAUSE OF ACTION

(Against Salvador Perez for Premises Liability)

20.    At all times herein mentioned, plaintiff Belinda Kim Jarvis was and is a competent adult residing in the City of Hawthorne, County of Los Angeles, California.

21.    At all times herein mentioned, defendant Salvador Perez was and is a natural person residing in the City of Wilmington, County of Los Angeles, California.

22.    The true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff Belinda Kim Jarvis is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages to plaintiff as herein alleged.

23.    At all times alleged herein each defendant was the agent and employee of each of his codefendants, and in doing the things herein described was acting within the scope of his authority as such agent and employee.

24.    On or about January 12, 2017, defendant, on information and belief was the owner of a dog which was at or near 316 N. Avalon Boulevard in the City of Wilmington, County of Los Angeles, State of California.

25.    On or about January 12, 2017, plaintiff Belinda Kim Jarvis was lawfully on the property located at the aforementioned address.  Plaintiff, Belinda Kim Jarvis was at 316 N. Avalon Boulevard when defendant's dog suddenly and viciously attacked her with no provocation whatsoever on her part. The dog bit various areas of her body including, but not limited to, the right side of her face, her lower chin, upper right cheek and lower and upper lips.

///

///

-5-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 26 of 134

1         26.   At all times herein mentioned, defendant on information and belief,

2  owned, maintained, controlled, managed, operated and/or resided in the residence

3  premises located at 316 N. Avalon Boulevard, City of Wilmington, County of Los

4  Angeles, State of California.

5         27.   At the aforementioned time and place, defendant maintained,

6  managed, controlled, operated and/or resided at the aforementioned residence and

7  were negligent in that they allowed the vicious dog to be present which defendant knew,

8  or in the exercise of reasonable care should have known, constituted a dangerous

9  condition and unreasonable risk of harm of which plaintiff was at all times herein

10  unaware. Defendant negligently failed to take steps to either make the condition safe

11  or warn plaintiff of the dangerous condition, all of which caused plaintiff to suffer the

12  attack by the dog as set forth above, resulting in serious injuries and damages

13  hereinafter described.

14         28.   As a cause of said conduct of defendants, and each of them,

15  plaintiff sustained personal injuries which caused and will continue to cause pain,

16  discomfort and physical disability to plaintiff, general damage in an amount according to

17  proof which in good faith is believed to be an amount within the jurisdictional limits of

18  this court.

19         29.   As a further cause of said conduct of defendants, and each of

20  them, plaintiff employed and will employ in the future physicians, surgeons and others

21  for examination, treatment and care, and thereby incurred and will incur medical and

22  incidental expense, the exact amount of which is unknown at this time and plaintiff will

23  offer proof thereof at the time of trial.

24         30.   At the time of the described improper conduct of defendants, and

25  each of them, plaintiff Belinda Kim Jarvis was gainfully employed for compensation, and

26  as a further cause of defendants' conduct, and each of them, plaintiff has been and in

27  the future will be deprived of earnings, the exact amount of which is unknown at this

28  time, and plaintiff will offer proof thereof at the time of trial.

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 27 of 134

1     WHEREFORE, judgment is prayed for against defendants, and each of

2  them, as follows:

3         1.    General damages according to proof;

4         2.    Medical and related expenses, past and future, according to proof;

5         3.    Loss of earnings, past and future, in a sum according to proof;

6         4.    Loss of income from impaired earning capacity, past and future,

7               according to proof;

8         5.    For prejudgment interest pursuant to Civil Code §3291;

9         6.    Costs of suit incurred herein; and

10        7.    For such other relief as may be appropriate.

11

12

13  Dated: July 24, 2017

14

15                        ROBERT M. ZAVIDOW, A Member of
                          THE LAW OFFICES OF LARRY H. PARKER, INC.
16                        Attorneys for Plaintiff Belinda Kim Jarvis

17

18

19

20

21

22

23

24

25

26

27

28

-7-

COMPLAINT FOR PERSONAL INJURIES

EXHIBIT 1 PAGE 28 of 134

| | |
|---|---|
| 1 | ROBERT M. ZAVIDOW, State Bar No. 84532      [SPACE BELOW FOR COURT USE ONLY]<br>THE LAW OFFICES OF LARRY H. PARKER, INC. |
| 2 | 350 San Antonio Drive<br>Long Beach, California 90807-0948 |
| 3 | (562) 427-2044   Fax (562) 490-9855 |
| 4 | |
| 5 | Attorneys for Plaintiff Belinda Kim Jarvis |
| 6 | |
| 7 | |
| 8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA |
| 9 | FOR THE COUNTY OF LOS ANGELES |
| 10 | |

| | | |
|---|---|---|
| 11 | BELINDA KIM JARVIS, | CASE NO. BC670261 |
| 12 | Plaintiff, | STATEMENT OF NATURE AND AMOUNT OF DAMAGES BEING |
| 13 | v. | SOUGHT<br>[C.C.P. §§425.11 and 425.115] |
| 14 | SALVADOR PEREZ; and<br>DOES 1 through 100, Inclusive, | |
| 15 | | |
| 16 | Defendants. | |
| 17 | | |

18   TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

19

20       Plaintiff Belinda Kim Jarvis, pursuant to California Code of Civil Procedure

21   Section 425.11, hereby states the nature and amount of damages being sought as

22   follows:

23         1.    Medical specials in a sum unknown to date;

24         2.    Future medical specials in a sum unknown to date;

25         3.    Loss of earnings in a sum unknown to date;

26   ///

27   ///

28   ///

-1-

STATEMENT OF NATURE AND AMOUNT OF DAMAGES BEING SOUGHT
[C.C.P. §§425.11 and 425.115]

EXHIBIT 1 PAGE 29 of 134

4.  Future loss of earnings in a sum unknown to date;

5.  General damages in the sum of $1,000,000.00;

6.  Costs of suit incurred herein; and

7.  Such other and further relief as the court may deem just and proper.

Furthermore, pursuant to California Code of Civil Procedure Section 425.115, plaintiff Belinda Kim Jarvis hereby reserves the right to seek punitive damages when plaintiff seeks a judgment in the suit against you.

Dated:  July 24, 2017

ROBERT M. ZAVIDOW, A Member of
THE LAW OFFICES OF LARRY H. PARKER, INC.
Attorneys for Plaintiff Belinda Kim Jarvis

-2-

STATEMENT OF NATURE AND AMOUNT OF DAMAGES BEING SOUGHT
[C.C.P. §§425.11 and 425.115]

EXHIBIT 1 PAGE 30 of 134

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State bar number, and address):
ROBERT M. ZAVIDOW    CA BAR NO: 84532
LAW OFFICES OF LARRY H. PARKER, INC.
350 San Antonio Drive
Long Beach, CA 90807
TELEPHONE NO.: (562) 427-2044    FAX NO.: (562) 490-9855
**ATTORNEY FOR** (Name): Plaintiff

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 28 2017

Sheri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Jarvis vs. Perez, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited [ ] Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 670261 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[X] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 24, 2017

ROBERT M. ZAVIDOW
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Jarvis, Belinda  D17-00159

EXHIBIT 1 PAGE 31 of 134

| SHORT TITLE: Jarvis vs. Perez, et al. | CASE NUMBER: BC 670 261 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
#### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

#### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
|  | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
|  |  | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
|  | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
|  | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
|  |  | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
|  | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
|  |  | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
|  |  | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
|  |  | ☒ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04
**Essential ⒺForms**

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Jarvis, Belinda  D17-00159

EXHIBIT 1 PAGE 32 of 134

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Jarvis vs. Perez, et al. | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional<br>Negligence<br>(25) | ☐ A6017<br>☐ A6050 | Legal Malpractice<br>Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024<br>☐ A6109 | Other Employment Complaint Case<br>Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004<br>☐ A6008<br>☐ A6019<br>☐ A6028 | Breach of Rental/Lease Contract (not unlawful detainer or<br>wrongful eviction)<br>Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>Negligent Breach of Contract/Warranty (no fraud)<br>Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections<br>(09) | ☐ A6002<br>☐ A6012<br>☑ A6034 | Collections Case-Seller Plaintiff<br>Other Promissory Note/Collections Case<br>Collections Case-Purchased Debt (Charged Off Consumer Debt<br>Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009<br>☐ A6031<br>☐ A6027 | Contractual Fraud<br>Tortious Interference<br>Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation    Number of parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018<br>☐ A6032<br>☐ A6060 | Mortgage Foreclosure<br>Quiet Title<br>Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**Essential Forms**

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

Jarvis, Belinda  D17-00159

EXHIBIT 1 PAGE 33 of 134

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jarvis vs. Perez, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C  Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | A6151   Writ - Administrative Mandamus<br>A6152   Writ - Mandamus on Limited Court Case Matter<br>A6153   Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review<br>(39) | A6150   Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect<br>(10) | A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass<br>Tort (40) | A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation<br>(28) | A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | A6141   Sister State Judgment<br>A6160   Abstract of Judgment<br>A6107   Confession of Judgment (non-domestic relations)<br>A6140   Administrative Agency Award (not unpaid taxes)<br>A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>A6112   Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above)<br>(42) | A6030   Declaratory Relief Only<br>A6040   Injunctive Relief Only (not domestic/harassment)<br>A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions<br>(Not Specified Above)<br>(43) | A6121   Civil Harassment<br>A6123   Workplace Harassment<br>A6124   Elder/Dependent Adult Abuse Case<br>A6190   Election Contest<br>A6110   Petition for Change of Name/Change of Gender<br>A6170   Petition for Relief from Late Claim Law<br>A6100   Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)                          CIVIL CASE COVER SHEET ADDENDUM                          Local Rule 2.3
LASC Approved 03-04                            AND STATEMENT OF LOCATION                                Page 3 of 4

Essential                                                                              Jarvis, Belinda   D17-00159
[3] Forms®

EXHIBIT 1 PAGE 34 of 134

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jarvis vs. Perez, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | 316 N. Avalon Boulevard. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Wilmington | CA | 90744 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated:    July 24, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.    Original Complaint or Petition.

2.    If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.    Civil Case Cover Sheet, Judicial Council form CM-010.

4.    Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.    Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.    A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.    Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

Essential
Forms™

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Jarvis, Belinda   D17-00159

EXHIBIT 1 PAGE 35 of 134

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number _____    **BC 6 7 0 2 6 1**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Patricia Nieto | 91 | 632 | | | |
| Hon. Yolanda Orozco | 92 | 633 | | | |
| Hon. Robert B. Broadbelt | 93 | 631 | | | |
| Hon. Benny C. Osorio | 97 | 630 | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | |
| | | | | | |
| FSC: 01 / 11 / 2019 TRIAL: 01 / 28 / 2019 OSC: 07 / 28 / 2020 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV PI 190 (Rev06/16)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

EXHIBIT 1 PAGE 36 of 134

# EXHIBIT - 3

EXHIBIT 1 PAGE 37 of 134

## Katelyn Borquez, a minor v. Larry Cozart and Barbara Cozart

Unknown California State Ct. |    October 5, 2005 |    2005 WL 4708181

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | Unknown Historical |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

Katelyn Borquez, a minor v. Larry Cozart and Barbara Cozart, 2005 WL 4708181 (2005)

2005 WL 4708181 (Unknown State Ct.) (Verdict and Settlement Summary)

Copyright (c) 2019 ALM Media Properties, LLC. All Rights Reserved
Unknown California State Ct.

Katelyn Borquez, a minor v. Larry Cozart and Barbara Cozart

N/A

DATE OF VERDICT/SETTLEMENT: October 05, 2005

TOPIC: ANIMALS - DOG BITE - STRICT LIABILITY PITBULL MIX BIT TODDLER AT DEFENDANTS' BARBECUE

**SUMMARY:**
Award Total: $1,066,549

RESULT: Mediated Settlement Summary

The parties settled at mediation for $1,066,549 to be paid by State Farm.

**EXPERT WITNESSES:**
Plaintiff:
Defendant:
**ATTORNEYS:**
Plaintiff: David R. Olan; Olan Law Corporation; Los Angeles, CA
Defendant: Pro per;

JUDGE: James Jackman

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Not Available

**INJURIES:**Katelyn suffered large wounds to her face and underwent two facial reconstruction surgeries. She has permanent facial scarring. Her medical expenses were in excess of $96,119. Also, her mother claimed that she missed several weeks of work in her job as a waitress due to her daughter's injuries, causing her to lose about $10,000 in wages. The claimants also sought an unspecified amount for Katelyn's emotional distress and pain and suffering.

**SUMMARY:**
Insurance Carrier:State Farm Insurance

**FACTS:**
On June 21, 2004, plaintiff Katelyn Borquez, a toddler aged 22 and a half months, attended a barbecue at the home of Larry and Barbara Cozart in Anaheim. The Cozarts' dog, a pitbull mix, bit Katelyn on the face.

Claiming physical injuries, Katelyn, through her parents, sought to settle the matter at mediation in lieu of litigation. They claimed that the Cozarts were strictly liable under California Civil Code §3342, which provides that a dog owner is strictly liable for injuries sustained by a person bitten by his or her dog.

EXHIBIT 1 PAGE 39 of 134

**Katelyn Borquez, a minor v. Larry Cozart and Barbara Cozart, 2005 WL 4708181 (2005)**

The Cozarts claimed that Katelyn provoked the dog and pointed out that the dog had no history of aggression.

While conceding that the dog did not have a history of aggression, the claimants asserted that the Cozarts nevertheless had a duty to remain in complete control of the dog at all times. They denied that Katelyn provoked the dog, maintaining, rather, that the dog suddenly jumped up and bit her for no apparent reason.

ALM Properties, Inc.
Judicate West.

PUBLISHED IN: VerdictSearch California Reporter Vol. 5B

End of Document                                  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 40 of 134

## Borquez vs. Cozart

Unknown California State Ct. |     September 12, 2005 |     32 Trials Digest 9th 1

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 41 of 134

Borquez vs. Cozart, 32 Trials Digest 9th 1 (2005)

32 Trials Digest 9th 1, 2005 WL 4658472 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

Borquez vs. Cozart

**TOPIC:**
Synopsis: SETTLEMENT--Toddler bitten by pit-bull mix suffers injuries to face

Case Type: Animals; Bite/Attack; Animals; Dog

DOCKET NUMBER: Not Applicable

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: September 12, 2005

JUDGE: Not Applicable
**ATTORNEYS:**
Plaintiff: David R. Olan, Olan Law Corporation, Los Angeles.
Defendant: Jim McKenzie, State Farm Insurance, San Ramon.

**SUMMARY:**
Verdict/Judgment: Settlement

Verdict/Judgment Amount: $1,066,549

Range: $1,000,000-$1,999,999
This was a pre-litigation mediation. Plaintiff settled with State Farm Insurance for $1,066,549 with guaranteed benefits.
The mediator was the Hon. James Jackman (Ret.) of Judicate West.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to Plaintiff: On June 21, 2004, plaintiff Katelyn Borquez, a minor, was attending a barbeque hosted by
defendants Larry and Barbara Cozart, at the home they own in Anaheim. Plaintiff was nearly two years old at the
time. Also on the property was defendants' dog, a pit-bull mix, which was supposed to be controlled by defendants.
On the date of the incident, defendants' dog, without warning or provocation, jumped up and bit plaintiff in the face,
leaving large bleeding wounds. Her injuries required facial reconstruction and left facial scarring.
Although the dog had never exhibited aggression prior to this incident, plaintiff alleged that defendants had a duty
to remain in complete control of their dog at all times.

**CLAIMED INJURIES**
According to Plaintiff: Emotional distress; facial scarring; surgery.

EXHIBIT 1 PAGE 42 of 134

**Borquez vs. Cozart, 32 Trials Digest 9th 1 (2005)**

**CLAIMED DAMAGES**
According to Plaintiff: $96,119 past medical.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Not reported.

Trials Digest, A Thomson/West business
No Court/Unfiled Settlement

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 43 of 134

# ERIN CASEY vs. KERN COUNTY ET AL

Superior Court, Kern County, California. |    December 16, 2015 |    31 Nat. J.V.R.A. 2:C8

**Search Details**

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |
| Status Icons: | |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 44 of 134

**ERIN CASEY vs. KERN COUNTY ET AL, 31 Nat. J.V.R.A. 2:C8 (2015)**

31 Nat. J.V.R.A. 2:C8, 2015 WL 10569724 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Jury Verdict Review Publications, Inc.
Superior Court, Kern County, California.

ERIN CASEY vs. KERN COUNTY ET AL

S-1500-CV-280922SPC
DATE OF VERDICT/SETTLEMENT: December 16, 2015
TOPIC: DOG BITE - POLICE LIABILITY - SHERIFF'S K9 DOG BIT PLAINTIFF WHILE OFFICER WAS
RESPONDING TO A DOMESTIC DISPUTE INVOLVING 21-YEAR-OLD PLAINTIFF - MAJOR BITE
WOUNDS TO PLAINTIFF'S LEG - COMPLEX REGIONAL PAIN SYNDROME - SCARRING.

**SUMMARY:**
Result: $2,000,000 RECOVERY

**EXPERT WITNESSES:**
Plaintiff's life care planner expert: Jan Roughan, BSN,PHN,RN,CRRN,CNLCP, CCM from Monrovia, CA.
Plaintiff's pain management expert: Sanjog Pangarkar, M.D. from Los Angeles, CA.
Plaintiff's plastic surgery expert: Michael Brones, M.D. from Los Angeles, CA.
Defendant's K9 expert expert: David Weaver from Riverside, CA.
**ATTORNEY:**
Plaintiff's: Matthew C. Clark and Neil K. Gehlawat of Chain, Cohn, Stiles in Bakersfield, CA.

JUDGE: Sidney Chapin

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Kern

**INJURIES:**
DOG BITE - POLICE LIABILITY - SHERIFF'S K9 DOG BIT PLAINTIFF WHILE OFFICER WAS
RESPONDING TO A DOMESTIC DISPUTE INVOLVING 21-YEAR-OLD PLAINTIFF - MAJOR BITE
WOUNDS TO PLAINTIFF'S LEG - COMPLEX REGIONAL PAIN SYNDROME - SCARRING.

**FACTS:**
In this dog bite matter, the plaintiff alleged that the defendant and its officer were negligent in permitting the officer's
K9 dog to exit the patrol vehicle and attack and bite the plaintiff. The plaintiff suffered several serious bite wounds to
her leg. The defendant maintained that the dog did what it was trained to do. The defendant also disputed the nature
and extent of the plaintiff's injuries and damages.

The 21-year-old female plaintiff was in the parking lot of a restaurant having an argument with her boyfriend at
approximately midnight on July 21, 2013. As the defendant deputy, a K9 patrol officer was driving by, he heard the
argument and decided to stop and make sure that all is okay between the two parties. The defendant's patrol car had the
two front windows open. The defendant officer exited the vehicle and as he was approaching the plaintiff, the defendant's
dog pushed open the sliding door between the front of the car and the K9 area of the car, which is normally secured by a
pin. The dog jumped out of the open driver's window and ran past the officer, and latched onto the plaintiff's leg. Despite

EXHIBIT 1 PAGE 45 of 134

**ERIN CASEY vs. KERN COUNTY ET AL, 31 Nat. J.V.R.A. 2:C8 (2015)**

the officer's commands, the dog did not release the plaintiff's leg. The officer was required to call for backup in order to get assistance to get the dog off the plaintiff's leg. The testimony was that the dog was latched onto the plaintiff's leg for a minimum of 90 seconds. The plaintiff was treated at the hospital for the bites, which were stitched. However, she developed an infection which caused her to be hospitalized for four to five days for wound care. She developed complex regional pain syndrome which required the insertion of a spinal cord stimulator. The plaintiff also sustained some degree of scarring, however, the predominant damages revolve around the spinal cord stimulator which the plaintiff's expert testifies will need to be replaced approximately every ten years. The plaintiff brought suit against the county and the officer alleging negligence.

The defendants denied the allegations and maintained that the dog was only doing what it was trained to do. The plaintiff responded to these allegations by stating that the dog did not do what it was trained to do. The dog was trained to attack on command and release on command.

Both parties agreed that the officer did not give any command for the dog to attack, and it did not respond to the commands to cease and let go of the plaintiff's leg.

The parties agreed to resolve the plaintiff's claim for the sum of $2,000,000.

Jury Verdicts Review Publications, Inc.

PUBLISHED IN: National Jury Verdict Review & Analysis, Vol. 31, Issue 2

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 46 of 134

## CHANG v. HTAY; LIM; CHAN; CHAN

Superior Court, Los Angeles County, California. |    June 1, 1997 |    JVR No. 212423

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |
| Status Icons: | |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 47 of 134

**CHANG v. HTAY; LIM; CHAN; CHAN, JVR No. 212423 (1997)**

JVR No. 212423, 1997 WL 830835 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

CHANG v. HTAY; LIM; CHAN; CHAN

GC016305
DATE OF INCIDENT: December, 1995
DATE OF TRIAL: June, 1997

TOPIC:

LIABILITY:

General: PERSONAL NEGLIGENCE

Specific: Animal

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award: $2,500,000**
**Total Verdict: $2,500,000**
**Judge Reduced Award To: $675,000**
**Final Demand: $250,000**
**Claimed Past Medical: $36,667**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Los Angeles

**PRIMARY INJURY: Arm Nerve Damage**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 65

**DECEDENT:**
**DEFENDANT:**
Type: Multiple Individuals

Sex: P

EXHIBIT 1 PAGE 48 of 134

CHANG v. HTAY; LIM; CHAN; CHAN, JVR No. 212423 (1997)

**DAMAGES:**
Other: $1,200,000

Total: $1,200,000

Other: $800,000

Loss of Services: $500,000

Loss of Services By: Spouse

**FACTS:**
A 65-year-old male suffered dog bite wounds to his arms, legs, and back, torn muscles, nerve damage and posttraumatic stress disorder, resulting in 5 hours of surgery, loss of blood, a limp, and scarring on his arms, legs and back when the defendants' three Rotweiler dogs attacked him and dragged him across the street. The plaintiff contended that the defendants were negligent in failing to control their dangerous animals and that they knew of their dangerous propensities. The defendant contended that the land owner had no knowledge of the dogs' visciousness. The defendant was found 40 percent negligent, the co-defendant 10 percent negligent and the third-named and fourth-named defendants each 25 percent negligent. The defendants' motion for a remittitur was granted and the economic damages were reduced to $50,000, and the loss of consortium damages was also reduced to $50,000.

Jury Verdict Research
COURT: Superior

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 49 of 134

## ALPERT v. SECURITY EQUIPMENT CORP.; EMSAR INC.; HUNT; JACK ARIAN INC.; OMEGA INC.; AVANIT INC.

Unknown California State Ct. |    October 1, 2002 |    JVR No. 435391

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |
| Status Icons: | |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 50 of 134

ALPERT v. SECURITY EQUIPMENT CORP.; EMSAR INC.;..., JVR No. 435391 (2002)

JVR No. 435391, 2002 WL 33836501 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

ALPERT v. SECURITY EQUIPMENT CORP.; EMSAR INC.;
HUNT; JACK ARIAN INC.; OMEGA INC.; AVANIT INC.

2002-050217
DATE OF INCIDENT: October, 2002

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Protective Equipment

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $6,225,000**
**Total Verdict:**
**Judge Reduced Award To:**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Thomas J. Brandi, San Francisco, CA
Rick H. Knock, La Mesa, CA
Defendant: Adam S. Abel, Larkspur, CA
Steven S. Abern, Oakland, CA
Matthew P. Guichard, Walnut Creek, CA

RANGE AMOUNT: $5,000,000-999,999,999
STATE: California
COUNTY: Alameda

**PRIMARY INJURY: Reflex Sympathetic Dystrophy**

**SUMMARY**
**SETTLEMENT TIME: After Filing**

EXHIBIT 1 PAGE 51 of 134

**ALPERT v. SECURITY EQUIPMENT CORP.; EMSAR INC.;..., JVR No. 435391 (2002)**

**PLAINTIFF:**
Sex: Female

Age: 23

General Occupation: SALESPERSON

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Sex: Organization

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $6,225,000

Total: $6,225,000

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

**FACTS:**

EXHIBIT 1 PAGE 52 of 134

**ALPERT v. SECURITY EQUIPMENT CORP.; EMSAR INC.;..., JVR No. 435391 (2002)**

A 23-year-old female medical supply salesperson suffered reflex sympathetic dystrophy, post-traumatic stress disorder from a dog bite she received while walking home. The incident occurred when the female third-named defendant was walking a dog and when it attacked the plaintiff, she attempted to use pepper spray, manufactured and sold by the remaining defendants, to stop the dog and the spray failed to function as advertised. The plaintiff contended that the defendants negligently designed, manufactured and sold the spray in a defective condition and failed to ensure that their product was safe for its intended use and purpose. The plaintiff further contended that because of the failure of the spray, the dog continued to attack her and caused her injuries. The plaintiff also contended that the third-named defendant failed to properly control a dangerous dog. The defendants denied liability and contended that their product was safe, but intended for use on humans, not animals.

Jury Verdict Research
COURT:

---

End of Document                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 53 of 134

## SUTTON v. CITY OF RIVERSIDE

Unknown California State Ct. |      October 1, 2005 |     JVR No. 806708

### Search Details

Search Query:      DOG BITE FACE
Jurisdiction:      California

### Delivery Details

Date:              April 2, 2019 at 11:58 AM
Delivered By:      Minh Nguyen
Client ID:         JARVIS

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 54 of 134

SUTTON v. CITY OF RIVERSIDE, JVR No. 806708 (2005)

JVR No. 806708, 2005 WL 4089313 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

SUTTON v. CITY OF RIVERSIDE

RIC346348
DATE OF TRIAL: October, 2005

TOPIC:

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award:**
**Total Verdict: $1,640,000**
**Judge Reduced Award To:**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: B. Scott Silverman, Los Angeles, CA
Defendant: Eugene Philip Ramirez, Los Angeles, CA
Jeffrey M. Lenkov, Los Angeles, CA

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Riverside

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 45

Race: Black

General Occupation: POLICE OFFICER

**PRIMARY STATUTE OR GROUND: Race / Color Discrimination-State**
**SECONDARY STATUTE OR GROUND:**

EXHIBIT 1 PAGE 55 of 134

**SUTTON v. CITY OF RIVERSIDE, JVR No. 806708 (2005)**

**GENERAL ENTITY TYPE: Law Enforcement**
**SPECIFIC ENTITY TYPE: Municipal Police**
**ADVERSE EMPLOYMENT ACTION: Hostile work environment, Harassment, Closer supervision and / or scrutiny**
**AMOUNT OF AWARD AFTER STATUTORY LIMIT:**
**ATTORNEY'S FEES:**
**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering: $1,640,000

Other:

Total: $1,640,000

Punitive:

Hedonic:

Other:

Interest:

Loss of Services:

**FACTS:**
A 45-year-old black male police officer sued the defendant city claiming race discrimination in violation of state law. The plaintiff alleged that he was subjected to various forms of harassment and a hostile work environment because of his race and that he was investigated for a year after his dog in the canine unit bit another officer. The defendant denied the allegations and claimed that the plaintiff had other disciplinary cases before the dog bite incident.

Jury Verdict Research
COURT:

_____

End of Document                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 56 of 134

## Evans vs. (1) Continental Insurance Co. (2) Underwriters Adjusting Co.

Superior Court, Los Angeles County, California. |    October 14, 1987 |    38 Trials Digest (TD) 87636

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 57 of 134

38 Trials Digest (TD) 87636, 1987 WL 958909 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

Evans vs. (1) Continental Insurance Co. (2) Underwriters Adjusting Co.

DOCKET NUMBER: SEC 40919

STATE: California
COUNTY: Los Angeles

10/14/1987

JUDGE: Hon. Robert Higa
**ATTORNEYS:**
PLAINTIFF: Lawrence R. Booth , Torrance
DEFENDANT: Theodore P. Shield - Shield & Smith Los Angeles

**SUMMARY:**
Trial Lasted: 9 days

Jury Out: 5 hours

Jury Poll: 10/2

Verdict: $1,275,000

Defendant Offer: $32,500 - CCP998 (1986) - Might go to $50,000

Plaintiff Demand: $499,000 - December, 1985 - CCP998 Raised to $1,000,000 at trial

Range: $1,000,000-1,999,999

**EXPERTS:**
**Plaintiff:**
TECH EXPERTS: Duane Comport - Insurance Practices - Minnesota

**Defendant:**
MEDICAL EXPERTS: Francis J. Shiller - Ortho - Whittier (Plaintiff's treating doctor)

FACTS: In May, 1980, the Plaintiff, a 56 year old postman, was bitten on the forearm by a dog. The owner was insured by Continental Insurance Co. The medical bills totalled approximately $1,800 and loss of earnings was $600. The postman was off work for one month. His residuals from the dog bite were nerve damage in the forearm, loss of feeling and weakness in the arm. The biceps muscle was badly depressed. The Plaintiff demanded $35,000 from Defendant The Plaintiff attorney enclosed all the medical bills, reports, hospital bills and records in July of 1980. In December, 1980, Continental offered $10,000. In July, 1981, that offer was raised to $11,500. The policy limits were $25,000. Finally, two weeks before the mandatory settlement in May, 1982, the insurance company offered its policy limits and Plaintiff settled for $25,000. (Two years after the accident, Plaintiff filed a Bad Faith suit for delay in processing the claim for payment.)

EXHIBIT 1 PAGE 58 of 134

Plaintiff claimed that during the two year post-accident period Continental did no investigation; no discovery except Plaintiff's deposition. All medical and damage information was supplied to Defendant in July, 1 1980. Plaintiff claimed that this was the custom and practice of Continental to low ball the settlement offer, delay and stall. Defendants argued that the underlying case was not worth more than $10,000. The only reason it was worth $25,000 was the jury appeal of viewing the badly depressed biceps muscle. Defendant subpoenaed the Plaintiff's medical records during the Bad Faith trial which disclosed a prior bursitis and tendinitis which caused the biceps depression.

INJURY: Emotional distress

Emotional Distress $ 75,000 Punitive Damages 1,000,000 Pre-judgement Interest 200,000 _____ $1,275,000

Trials Digest, A Thomson/West business
NORWALK

**End of Document**      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 59 of 134

# Sutton vs. City of Riverside Police Department

Superior Court, Riverside County, California. |     October 20, 2005 |     49 Trials Digest 8th 10

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 60 of 134

49 Trials Digest 8th 10, 2005 WL 3358996 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Riverside County, California.

Sutton vs. City of Riverside Police Department

**TOPIC:**
Synopsis: Veteran police officer establishes long pattern of discrimination and retaliation

Case Type: Employment; Discrimination; Employment; Harassment; Employment; Retaliation

DOCKET NUMBER: RIC346348

STATE: California
COUNTY: Riverside

Verdict/Judgment Date: October 20, 2005

JUDGE: Joan Burgess
**ATTORNEYS:**
Plaintiff: Samantha P. Goodman, Morrison & Foerster, Los Angeles.; B. Scott Silverman, Morrison & Foerster, Los Angeles.
Defendant: L. Trevor Grimm, Manning & Marder Kass Ellrod Ramirez, Los Angeles.; Patrick L. Hurley, Manning & Marder Kass Ellrod Ramirez, Los Angeles.; Eugene Ramirez, Manning & Marder Kass Ellrod Ramirez, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $1,640,945

Range: $1,000,000-$1,999,999
$140,945 compensatory damages; $1.5 million emotional distress damages.

Trial Type: Jury

Trial Length: 16 days.

Deliberations: 1.5 days.

Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Rob Crandall, economist, Resolution Economics LLC, Beverly Hills, (310) 860-9065.; Penny Harrington, police procedures expert, Harrington & Associates, Morro Bay, (805) 772-2093.
Defendant: Clarence R. Chapman, police procedures consultant, Santa Monica, (818) 843-4444.; Brad Smith, K9/police tactics, Lake Havasu, AZ, (626) 939-8500.

**TEXT:**

EXHIBIT 1 PAGE 61 of 134

**Sutton vs. City of Riverside Police Department, 49 Trials Digest 8th 10 (2005)**

## CASE INFORMATION

### FACTS/CONTENTIONS

According to Plaintiff: Plaintiff Roger Sutton has worked for the City of Riverside Police Department for 23 years, during which time he alleges he has been harassed and discriminated against based on his race and then retaliated against for complaining about his unfair treatment. The central issue was plaintiff's disciplinary removal from his position as a K-9 officer because of his police dog's accidental biting of a fellow officer that caused the officer to retire. Prior to being removed from the K-9 unit, plaintiff was subjected to a year-long investigation and interim prohibition against working as a K-9 officer. Other K-9 officers whose dogs had had similar problems were not disciplined or, in some cases, even investigated. None were subject to a year-long interim suspension and investigation. Plaintiff established that his disparate treatment in connection with the accidental dog bite, as well as various other incidents of unfair treatment in the years following his removal from the K-9 unit, were motivated by harassing, discriminatory, and retaliatory animus.

### CLAIMED INJURIES

According to Plaintiff: Extreme emotional distress, which left plaintiff unable to work for almost a year; approximately one year of treatment with a therapist.

### CLAIMED DAMAGES

According to Plaintiff: $139,000 lost past and future wages and benefits stemming from removal from K-9 unit; $2,000 medical expenses; emotional distress damages.

### SETTLEMENT DISCUSSIONS

According to Plaintiff: An arbitration conducted in 2004 resulted in an award of $200,000 plus attorney fees to plaintiff. Defendant requested a trial de novo. In 2005, plaintiff made a CCP § 998 demand of $200,000 plus costs and attorney fees, which was rejected by defendant.

### EXPERT TESTIMONY

According to Plaintiff: Plaintiff's expert Harrington is the former Chief of Police of the Portland Police Department. She testified regarding the inadequacies of defendant's investigation of plaintiff's discrimination and harassment complaints. She also testified regarding the ways in which defendant's treatment of plaintiff strayed from standard and accepted police policies and procedures. She also testified regarding the effect of defendant's unfair treatment of plaintiff on his future career as a peace officer. Plaintiff's expert Crandall provided an economic analysis of the lost wages and benefits experienced by plaintiff as a result of his removal from the K-9 unit. The jury adopted Crandall's valuation of plaintiff's economic loss in its award of economic damages. Defense expert Chapman testified that plaintiff was treated fairly and that his removal from the K-9 unit was justified. Defense expert Smith testified that plaintiff's removal from the K-9 unit was justified based on his job performance.

Trials Digest, A Thomson/West business
Riverside County Superior Court/Central

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

---

EXHIBIT 1 PAGE 62 of 134

## Frederick vs. (1) Ambassador Group (2) Chait

Superior Court, Los Angeles County, California. |      May 27, 1988 |      38 Trials Digest (TD) 88400

**Search Details**

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 63 of 134

Frederick vs. (1) Ambassador Group (2) Chait, 38 Trials Digest (TD) 88400 (1988)

38 Trials Digest (TD) 88400, 1988 WL 1098104 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

Frederick vs. (1) Ambassador Group (2) Chait

DOCKET NUMBER: C-446,668

STATE: California
COUNTY: Los Angeles

5/27/1988

JUDGE: Hon. Richard A. Lavine, Dept. 30
ATTORNEYS:
PLAINTIFF: Bruce Broillet - Greene, O'Reilly, Broillet, Paul, , Los Angeles Simon, McMillan, Wheeler & Rosenber
DEFENDANT: Robert De Marco Los Angeles

SUMMARY:
Specials: Costs of defense

Trial Lasted: 4 wks

Jury Out: 2.5 days

Jury Poll: 12/0

Demand: Not firm

Offer: Nothing

Verdict: $3,517,404 Compensatory damages - $42,000 Punitive damages - $3,475,404 $3,517,404

Range: $2,000,000-4,999,999

FACTS: In May, 1979, the Plaintiff's husband and wife, age 88, were insured by Ambassador Group Insurance Co. for premises liability. They were sued for a dog bite that occurred on their premises. They sent the papers to the wrong insurance company. After one year the error was discovered. The summons and complaint was sent to Defendants who agreed to defend the action but failed to appoint a defense attorney. Plaintiffs were forced to hire their own attorney (Nouskajian & Amundson) who settled the case for $1,500. Two weeks later, Ambassador sent Plaintiffs a reimbursement check for $1,500. Plaintiffs refused to accept and sued.

Plaintiffs claimed that Defendants violated Insurance Code 790.03. The original insurance company, A.I.C. was liquidated by Vermont Insurance Co. and Plaintiffs sued Ambassador and Arnold Chait, president of Ambassador, the holding company.
Defendant argued Plaintiffs were not abandoned. They were represented by counsel for the entire time. Plaintiffs failed to properly notify Defendants when served. Plaintiffs not damaged and if any, they were minimal. Plaintiffs had other lawsuits pending which were all properly handled by the Defendants

EXHIBIT 1 PAGE 64 of 134

Frederick vs. (1) Ambassador Group (2) Chait, 38 Trials Digest (TD) 88400 (1988)

INJURY: Emotional distress

Trials Digest, A Thomson/West business
LOS ANGELES

End of Document                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 65 of 134

# BORQUEZ, PRO AMI v. COZART

Unknown California State Ct. |    September 1, 2005 |    JVR No. 449639

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 66 of 134

**BORQUEZ, PRO AMI v. COZART, JVR No. 449639 (2005)**

---

JVR No. 449639, 2005 WL 4717980 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

BORQUEZ, PRO AMI v. COZART

N/A
DATE OF INCIDENT: June, 2004
DATE OF TRIAL: September, 2005

TOPIC:

LIABILITY:

General: PREMISES LIABILITY

Specific: Accident At Residential Property

**SUMMARY**
**Outcome: Mediation**
**Non Verdict Award: $1,066,549**
**Judge Reduced Award To:**
**Claimed Past Medical: $96,199**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: David R. Olan, Los Angeles, CA

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Los Angeles

**PRIMARY INJURY: Facial Scarring**

**SUMMARY**
**PLAINTIFF:**
Sex: Female

**DECEDENT:**
Funeral Expense:

---

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.                    1

EXHIBIT 1 PAGE 67 of 134

BORQUEZ, PRO AMI v. COZART, JVR No. 449639 (2005)

Other Expenses:

**DEFENDANT:**
Type: Single Individual

Sex: Male

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $1,066,549

Total: $1,066,549

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

**FACTS:**
A female minor suffered facial scarring and emotional distress when she was attacked by the male defendant's pitbull mix while she attended a social gathering at the defendant's residence. The plaintiff contended that the defendant failed to properly control and restrain his animal, failed to adequately confine the dog, failed to use due care for her safety, and failed to maintain the premises in a safe condition. The defendant denied liability.

Jury Verdict Research
COURT:

EXHIBIT 1 PAGE 68 of 134

**BORQUEZ, PRO AMI v. COZART, JVR No. 449639 (2005)**

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 69 of 134

# ANDERSON, ESTATE OF v. CHRESTMAN, ET AL.

Superior Court, Ventura County, California. | December 1, 1995 | JVR No. 177614

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |
| Status Icons: | |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 70 of 134

ANDERSON, ESTATE OF v. CHRESTMAN, ET AL., JVR No. 177614 (1995)

JVR No. 177614, 1995 WL 865313 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Ventura County, California.

ANDERSON, ESTATE OF v. CHRESTMAN, ET AL.

CIV 150355
DATE OF INCIDENT: March, 1994
DATE OF FILING: December, 1994
DATE OF TRIAL: December, 1995

TOPIC:

LIABILITY:

General: PERSONAL NEGLIGENCE

Specific: Gunshot

**SUMMARY**
**Outcome: Plaintiff Judgement**
**Non Verdict Award: $2,009,800**
**Total Verdict: $2,009,800**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Ventura

**PRIMARY INJURY: Death**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 24

**DECEDENT:**
Sex: Male

Age: 24

**DEFENDANT:**

EXHIBIT 1 PAGE 71 of 134

**ANDERSON, ESTATE OF v. CHRESTMAN, ET AL., JVR No. 177614 (1995)**

Type: Single Individual

Sex: Male

**DAMAGES:**
Other: $2,009,800

Total: $2,009,800

**FACTS:**
A 24-year-old male died when he and his dog were shot by the male defendant while the defendant tried to steal the decedent's vehicle. The plaintiff contended that the defendant was negligently given the gun by his father. The defendant was imprisoned on criminal charges. The decedent was survived by his parents.

Jury Verdict Research
COURT: Superior

---

End of Document                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 72 of 134

# ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

Superior Court, Alameda County, California. |     April 1, 1996 |     JVR No. 184866

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 73 of 134

ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF..., JVR No. 184866 (1996)

JVR No. 184866, 1996 WL 643290 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Alameda County, California.

ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

H-178278-1
DATE OF INCIDENT: August, 1993
DATE OF TRIAL: April, 1996

TOPIC:

LIABILITY:

General: POLICE NEGLIGENCE

Specific: Bystander

**SUMMARY**
Was Appeal Filed: Yes

Name of Person(s) Filing: City of Fremont

**Outcome: Plaintiff Verdict**
**Non Verdict Award: $1,500,000**
**Total Verdict: $1,500,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:
FOR RELATED CASE LAW OPINIONS SEE:

80 Cal.Rptr.2d 196

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Alameda

**PRIMARY INJURY: Emotional Distress**

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: 24

EXHIBIT 1 PAGE 74 of 134

ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF..., JVR No. 184866 (1996)

**DECEDENT:**
**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $1,500,000

Total: $1,500,000

**COMPARATIVE NEGLIGENCE PERCENTAGE: 25%**

**FACTS:**
A 24-year-old female suffered emotional distress when her father was killed when he was shot by the defendant's police officers after they were called to the father's home following a domestic dispute. The plaintiff contended that her father had been drinking when he and her mother got into a dispute. Later the plaintiff and her mother entered the home and found her father in a closet with a gun pointed at his chest. The plaintiff called the police who found the father under a bush in the yard with a gun pointed at his chest. After asking the father to drop the gun the officers went in with police dogs at which time the father became agitated and started shouting obscenities at the officers. The officers retreated and then heard a gunshot which they believed was directed at them and they started shooting, striking the father in the back 18 times. The coroner stated that there was a large wound produced from the father's gun. The plaintiff contended that the defendants were negligent for shooting her father and that she suffered emotional distress being on the scene and hearing the gunshots. The defendants contended that the plaintiff was not at the actual shooting scene and did not actually see her father get shot. The plaintiff's father was found 25 percent negligent, and the plaintiff's award was reduced to $1,125,000. The award was deemed excessive and reduced to $500,000 by the judge. The plaintiff's mother also filed a bystander claim and was awarded $2,500,000, which was reduced by 25 percent and then further reduced by the judge to $1,000,000. The decedent's estate received $1,288,204 for the wrongful death claim. The case has been appealed. The case was reversed on appeal.

Jury Verdict Research
COURT: Superior

End of Document                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 75 of 134

# ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

Superior Court, Alameda County, California. |    April 1, 1996 |    JVR No. 184861

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |
| Status Icons: | |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 76 of 134

**ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF..., JVR No. 184861 (1996)**

JVR No. 184861, 1996 WL 642094 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Alameda County, California.

ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

H-178278-1
DATE OF INCIDENT: August, 1993
DATE OF TRIAL: April, 1996

TOPIC:

LIABILITY:

General: POLICE NEGLIGENCE

Specific: Bystander

**SUMMARY**
Was Appeal Filed: Yes

Name of Person(s) Filing: City of Fremont

**Outcome: Plaintiff Verdict**
**Non Verdict Award: $2,500,000**
**Total Verdict: $2,500,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:
FOR RELATED CASE LAW OPINIONS SEE:

80 Cal.Rptr.2d 196

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Alameda

**PRIMARY INJURY: Emotional Distress**

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: 44

EXHIBIT 1 PAGE 77 of 134

ADAMS v. FREMONT POLICE DEPARTMENT; CITY OF..., JVR No. 184861 (1996)

**DECEDENT:**
**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $2,500,000

Total: $2,500,000

**COMPARATIVE NEGLIGENCE PERCENTAGE: 25%**

**FACTS:**
A 44-year-old female suffered emotional distress when her husband was killed when he was shot by the defendant's police officers after they were called to the plaintiff's home following a domestic dispute. The plaintiff contended that her husband had been drinking when they got into a dispute. Later the plaintiff and her daughter entered the home and found the husband in a closet with a gun pointed at his chest. The plaintiff called the police who found her husband under a bush in the yard with a gun pointed at his chest. After asking the husband to drop the gun the officers went in with police dogs at which time the husband became agitated and started shouting obscenities at the officers. The officers retreated and then heard a gunshot which they believed was directed at them and they started shooting, striking the husband 20 times. The coroner stated that there was a large wound produced from the husband's gun. The plaintiff contended that the defendants were negligent for shooting her husband and that she suffered emotional distress being on the scene and hearing the gunshots. The defendants contended that the plaintiff was not at the actual shooting scene and did not actually see her husband get shot. The plaintiff's husband was found 25 percent negligent, and the plaintiff's award was reduced to $1,875,000. The award was deemed excessive and was reduced to $1,000,000 by the judge. The decedent's estate received $1,288,204 for the wrongful death claim, which was reduced by 25 percent, and the plaintiff's daughter filed a bystander claim and was awarded $1,500,000, also reduced by 25 percent, then further reduced by the judge to $500,000. The case has been appealed.

Jury Verdict Research
COURT: Superior

---

End of Document    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 78 of 134

## ADAMS, ESTATE OF v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

Superior Court, Alameda County, California. |    April 1, 1996 |    JVR No. 184853

**Search Details**

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 79 of 134

ADAMS, ESTATE OF v. FREMONT POLICE..., JVR No. 184853 (1996)

JVR No. 184853, 1996 WL 643310 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Alameda County, California.

ADAMS, ESTATE OF v. FREMONT POLICE DEPARTMENT; CITY OF FREMONT, ET AL.

H-178278-1
DATE OF INCIDENT: August, 1993
DATE OF TRIAL: April, 1996

TOPIC:

LIABILITY:

General: POLICE NEGLIGENCE

Specific: Excessive force

**SUMMARY**
Was Appeal Filed: Yes

Name of Person(s) Filing: Fremont Police Department

**Outcome: Plaintiff Verdict**
**Non Verdict Award: $1,288,204**
**Total Verdict: $1,288,204**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:
FOR RELATED CASE LAW OPINIONS SEE:

80 Cal.Rptr.2d 196

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Alameda

**PRIMARY INJURY: Death**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 46

EXHIBIT 1 PAGE 80 of 134

ADAMS, ESTATE OF v. FREMONT POLICE..., JVR No. 184853 (1996)

General Occupation: NURSE

Occupational Field: SERVICES-HEALTH

**DECEDENT:**
Sex: Male

Age: 46

Occupation: NURSE

Number of Adult Children: 1

**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $1,288,204

Total: $1,288,204

**COMPARATIVE NEGLIGENCE PERCENTAGE: 25%**

**FACTS:**
A 46-year-old male nurse was killed when he was shot by the defendant's police officers after they were called to his home following a domestic dispute. The plaintiff contended that the decedent had been drinking when he got into a dispute with his wife. Later the wife and daughter entered the home and found the decedent in a closet with a gun pointed at his chest. They called the police who found the decedent under a bush in the yard with a gun pointed at his chest. After asking the decedent to drop the gun the officers went in with police dogs at which time the decedent became agitated and started shouting obscenities at the officers. The officers retreated and then heard a gunshot which they believed was directed at them and they started shooting, striking the decedent 20 times. The coroner stated that there was a large wound produced by the decedent's gun. The plaintiff contended that the defendants were negligent for failing to use a negotiator, for entering the property in assault mode, and for failing to obtain the proper help for the decedent. The plaintiff also contended that the defendants drove the decedent to shoot himself. The defendants contended that they handled the incident in the required manner and that the decedent's death was caused by a self-inflicted gunshot wound. The decedent was survived by his wife and step-daughter. The decedent was found 25 percent negligent, and the award was reduced accordingly. The plaintiff's wife received $2,500,000 for a bystander claim, and his step-daughter was awarded $1,500,000; both awards were reduced by 25 percent. The awards were further reduced by the judge as excessive to $1,000,000 and $500,000, respectively. The case has been appealed.

Jury Verdict Research
COURT: Superior

EXHIBIT 1 PAGE 81 of 134

ADAMS, ESTATE OF v. FREMONT POLICE..., JVR No. 184853 (1996)

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 82 of 134

# ALVA v. DEFENDANT MANUFACTURER

Superior Court of California. |     June 1, 1992 |     JVR No. 191227

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 83 of 134

**ALVA v. DEFENDANT MANUFACTURER, JVR No. 191227 (1992)**

JVR No. 191227, 1996 WL 777599 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court of California.

ALVA v. DEFENDANT MANUFACTURER

PC009276X
DATE OF INCIDENT: June, 1992

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Industrial machine

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $1,200,000**
**Total Verdict: $1,200,000**
**Final Demand: $2,000,000**
**Final Offer: $500,000**
**Claimed Past Medical: $350,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE: Not Available

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Not Applicable

**PRIMARY INJURY: Burn to Face**

**SUMMARY**
**SETTLEMENT TIME:**
**PLAINTIFF:**
Sex: Male

Age: An adult of undetermined age.

General Occupation: GENERAL LABORER

Occupational Field: MANUFACTURING-RUBBER AND PLASTICS

**DECEDENT:**
**DEFENDANT:**

EXHIBIT 1 PAGE 84 of 134

**ALVA v. DEFENDANT MANUFACTURER, JVR No. 191227 (1992)**

Type: Single Organization

Sex: Organization

Organization Type: Manufacturing-Rubber and Plastics

**DAMAGES:**
Other: $1,200,000

Total: $1,200,000

**FACTS:**
A male products assistant suffered third degree burns to his face, resulting in skin grafting, scarring, and an inability to return to work, when, while within the scope of his employment, in an effort to remove a blockage in a horizontal injection molding machine, molten plastic shot out of the machine and struck the plaintiff in the face. The plaintiff contended that the defendant was negligent for failing to properly maintain the equipment in a safe manner, and that the protective equipment suggested by the defendant was inadequate. The defendant contended that the plaintiff was negligent for neglecting to wear protective equipment, for overriding safety guards on the machine, and for using the wrong purging material to remove the blockage. A workers' compensation lien was waived.

Jury Verdict Research
COURT: Superior

**End of Document**                                  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 85 of 134

# ANDREWS v. SHEARER

Unknown California State Ct. |      February 1, 2006 |     JVR No. 502465

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 86 of 134

ANDREWS v. SHEARER, JVR No. 502465 (2006)

JVR No. 502465, 2006 WL 6319765 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

ANDREWS v. SHEARER

MCV030314
DATE OF INCIDENT: October, 2004
DATE OF FILING: October, 2005
DATE OF SETTLEMENT: February, 2006

TOPIC:

LIABILITY:

General: MOTORCYCLE COLLISION

Specific: No Contact

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $1,347,434**
**Total Verdict:**
**Judge Reduced Award To:**
**Claimed Past Medical: $225,000**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense: $80,000**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: James A. Murphy, San Francisco, CA
Defendant: G. Edward Rudloff, Emeryville, CA

JUDGE: Not Available

RANGE AMOUNT: $1,000,000 - 1,999,999
STATE: California
COUNTY: Madera

**PRIMARY INJURY: Vertebra Fractures**

**INTERNAL FIXATION: Yes**

**SUMMARY**

EXHIBIT 1 PAGE 87 of 134

ANDREWS v. SHEARER, JVR No. 502465 (2006)

**SETTLEMENT TIME: After Filing**
**PLAINTIFF:**
Sex: Male

Age: 48

General Occupation: GENERAL LABORER

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Single Individual

Sex: Female

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $1,347,434

Total: $1,347,434

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

EXHIBIT 1 PAGE 88 of 134

ANDREWS v. SHEARER, JVR No. 502465 (2006)

**FACTS:**

A 48-year-old male alleged that he suffered vertebra fractures at T1 and C7, fractures to the right femur, right tibial plateau and right distal tibia, a left hip fracture, multiple rib fractures, and a shoulder dislocation when he was riding his northbound motorcycle and was struck in the face by a tire that separated from a nonparty vehicle after that vehicle was struck by the female defendant's SUV as she crossed the double-yellow line of a rural state highway. The plaintiff contended that the defendant failed to stay right of the centerline, failed to maintain control of her SUV, and failed to keep a proper lookout. The defendant denied liability and contended that she was faced with a sudden emergency and was unable to avoid the collision. The defendant further contended that the plaintiff failed to keep a proper lookout and failed to take evasive action. The plaintiff's spouse filed a claim for loss of services but did not receive an award.

Jury Verdict Research
COURT:

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 89 of 134

## DIAZ, PRO AMI v. EAGLE MANUFACTURING; A.O. SMITH CORP.; TEJADA; TEJADA

Unknown California State Ct. |     March 1, 2002 |     JVR No. 442397

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 90 of 134

DIAZ, PRO AMI v. EAGLE MANUFACTURING; A.O. SMITH..., JVR No. 442397 (2002)

JVR No. 442397, 2002 WL 33220512 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

DIAZ, PRO AMI v. EAGLE MANUFACTURING; A.O. SMITH CORP.; TEJADA; TEJADA

BC 292 673
DATE OF INCIDENT: March, 2002

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Gas Tank

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $5,100,000**
**Total Verdict:**
**Judge Reduced Award To:**
**Claimed Past Medical: $700,000**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
Burn Specialist: Grossman, Peter,, Sherman Oaks, CA
Plastics Expert: Haynes, Clint,, Somersworth, NH
Chemical Engineer: Hoffman, Donald,, Warren, MI
**ATTORNEY:**
Plaintiff: Steven V. Angarella, Los Angeles, CA
Patrick Gerard Vastano, Los Angeles, CA
Defendant: Donald H. Carlson, Milwaukee, WI

RANGE AMOUNT: $5,000,000-999,999,999
STATE: California
COUNTY: Los Angeles

**PRIMARY INJURY: Moderate Burns**

**PERMANENT SCARRING: Face Hand**

SUMMARY

EXHIBIT 1 PAGE 91 of 134

DIAZ, PRO AMI v. EAGLE MANUFACTURING; A.O. SMITH..., JVR No. 442397 (2002)

**SETTLEMENT TIME: After Filing**
**PLAINTIFF:**
Sex: Male

Age: 2

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Individual / Organization

Sex: Organization

Organization Type: MANUFACTURING-RUBBER AND PLASTICS

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $5,100,000

Total: $5,100,000

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

EXHIBIT 1 PAGE 92 of 134

DIAZ, PRO AMI v. EAGLE MANUFACTURING; A.O. SMITH..., JVR No. 442397 (2002)

**FACTS:**

A 2-year-old male suffered burns to his face and hands when he was playing in the garage of his rented home, owned by the third- and fourth-named defendants, where he tipped over a gasoline can, designed and manufactured by the defendant, causing gasoline fumes to ignite from the pilot light of the hot water heater, designed and manufactured by the codefendant. The plaintiff's parent contended that the defendant and codefendant designed and manufactured defective products, that the defendant failed to design a child safe gasoline can, that the codefendant failed to design a safety device on the water heater to prevent the pilot light from igniting the fumes, and that the third- and fourth-named defendants failed to maintain the house in a safe condition. The defendants denied liability and contended that the plaintiff's parents negligently failed to supervise the plaintiff. The defendant and codefendant further contended that the can was not filled with gasoline when it was purchased and that the flames were created by the gas clothes dryer and not the hot water heater. Liability was apportioned at $3,950,000 from the defendant, $850,000 from the codefendant, and $300,000, the insurance limits of the third- and fourth-named defendants.

Jury Verdict Research
COURT:

---

**End of Document**                          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 93 of 134

# ALLEN v. BAYERISCHE MOTOREN WERKE; AG; BMW OF NORTH AMERICA INC..; A&;S MOTORCYCLE PARTS INC.

Unknown California State Ct. |     June 1, 2007 |     JVR No. 480508

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 94 of 134

**ALLEN v. BAYERISCHE MOTOREN WERKE; AG; BMW..., JVR No. 480508 (2007)**

JVR No. 480508, 2007 WL 4859217 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

ALLEN v. BAYERISCHE MOTOREN WERKE; AG; BMW OF
NORTH AMERICA INC..; A&;S MOTORCYCLE PARTS INC.

CV022475
DATE OF INCIDENT: November, 2002
DATE OF TRIAL: June, 2007

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Motorcycle

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award:**
**Total Verdict: $4,304,534**
**Judge Reduced Award To:**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: R. Lewis Van Blois, Oakland, CA
Defendant: Timothy John Ryan, Sacramento, CA

JUDGE: Elizabeth Humphreys

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: San Joaquin

**PRIMARY INJURY: Severe Burns**

**SUMMARY**
**PLAINTIFF:**

EXHIBIT 1 PAGE 95 of 134

ALLEN v. BAYERISCHE MOTOREN WERKE; AG; BMW..., JVR No. 480508 (2007)

Sex: Male

Age: An adult of undetermined age.

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering: $4,304,534

Other:

Total: $4,304,534

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

**FACTS:**
A male alleged that he suffered severe burns to his body and face when the fuel tank of his motorcycle, purchased from the fourth-named defendant and designed and manufactured by the remaining defendants, shattered, burst into

EXHIBIT 1 PAGE 96 of 134

**ALLEN v. BAYERISCHE MOTOREN WERKE; AG; BMW..., JVR No. 480508 (2007)**

flames, and engulfed him, after an accident with another vehicle. The plaintiff contended that the defendants negligently designed, manufactured and distributed a product with a defective fuel tank, and failed to warn of its defective nature. The defendant's denied liability, disputed the natue and extent of the plaintiff's injuries and contended that the product was not defective when it was shipped and sold and that the plaintiff's speed lead to the fuel tank bursting. The plaintiff's spouse filed a claim for loss of services but did not receive an award.

Jury Verdict Research
COURT:

**End of Document**                                      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 97 of 134

# HUSTWICK v. JOHANIDESZ; DEFENDANT COMPANY

Unknown California State Ct. |      January 1, 2006 |      JVR No. 493918

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 98 of 134

**HUSTWICK v. JOHANIDESZ; DEFENDANT COMPANY, JVR No. 493918 (2006)**

---

JVR No. 493918, 2006 WL 6111131 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

HUSTWICK v. JOHANIDESZ; DEFENDANT COMPANY

06CC08994
DATE OF INCIDENT: January, 2006

TOPIC:

LIABILITY:

General: PEDESTRIAN

Specific: In Crosswalk

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $3,400,000**
**Total Verdict:**
**Judge Reduced Award To:**
**Claimed Past Medical: $638,061**
**Claimed Future Medical: $200,000**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Christopher Robb Aitken, Santa Ana, CA
Defendant: Edith R Matthai, Los Angeles, CA

JUDGE:

RANGE AMOUNT: $2,000,000 - 4,999,999
STATE: California
COUNTY: Orange

**PRIMARY INJURY: Vertebra Fractures**

**SUMMARY**
**SETTLEMENT TIME:**
**PLAINTIFF:**
Sex: Male

---

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works.

1

EXHIBIT 1 PAGE 99 of 134

**HUSTWICK v. JOHANIDESZ; DEFENDANT COMPANY, JVR No. 493918 (2006)**

Age: An adult of undetermined age.

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Individual / Organization

Sex: Male

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $3,400,000

Total: $3,400,000

Punitive:

Hedonic:

Property:

Other:

Interest:

Loss of Services:

**FACTS:**
A 68-year-old male alleged that he suffered multiple fractures to his vertebra, face, and elbow, heart damage, vascular damage to his leg, phrenic nerve damage, a closed head injury, splenectomy, internal bleeding, heart palputations, anemia, a dislocated knee, and contusions to his abdomen when he was struck by the codefendant's vehicle, operated by the male defendant, as he attempted to cross the roadway at a crosswalk. The plaintiff contended that the defendant

EXHIBIT 1 PAGE 100 of 134

**HUSTWICK v. JOHANIDESZ; DEFENDANT COMPANY, JVR No. 493918 (2006)**

operated the vehicle in a negligent manner, failed to keep a proper lookout, drove at an excessive rate of speed, and failed to yield the right-of-way to a pedestrian. The plaintiff further contended that the codefendant failed to properly train and supervise its employees and that it was liable under the respondeat superior. The defendants denied liability.

Jury Verdict Research
COURT:

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 101 of 134

# ZUELZKE v. RAYMOND HANDLING CONCEPTS CORPORATION; THE RAYMOND CORPORATION

Superior Court, Alameda County, California. |    June 1, 1995 |    JVR No. 166413

**Search Details**

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 102 of 134

ZUELZKE v. RAYMOND HANDLING CONCEPTS..., JVR No. 166413 (1995)

JVR No. 166413, 1995 WL 778904 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Alameda County, California.

ZUELZKE v. RAYMOND HANDLING CONCEPTS CORPORATION; THE RAYMOND CORPORATION

H-172085-1
DATE OF INCIDENT: October, 1992
DATE OF TRIAL: June, 1995

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Forklift

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award: $1,225,000**
**Total Verdict: $1,225,000**
**Final Demand: $2,000,000**
**Claimed Past Medical: $154,000**
**Claimed Past Wage Expense: $148,000**
**Claimed Future Wage Expense: $970,441**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Alameda

**PRIMARY INJURY: Cranial Nerve Damage**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 33

General Occupation: GENERAL LABORER

**DECEDENT:**
**DEFENDANT:**

EXHIBIT 1 PAGE 103 of 134

ZUELZKE v. RAYMOND HANDLING CONCEPTS..., JVR No. 166413 (1995)

Type: Multiple Organizations

Sex: Organization

**DAMAGES:**
Other: $1,225,000

Total: $1,225,000

**FACTS:**
A 33-year-old male warehouse worker suffered cranial nerve damage resulting in numbness of the face, blurred vision, ear drum damage, and tinnitus when he was injured operating a forklift, manufactured by the defendant company, distributed by the co-defendant company, when the forklift suddenly moved backwards. The plaintiff claimed that the forklift was unsafe in design and that the defendant was aware of the defect, in that it did not have rear guards. The defendants claimed that the design was not defective and that the plaintiff's employer decided not to add the optional guards. A Notice of Appeal was withdrawn when the case was settled for an undisclosed amount.

Jury Verdict Research
COURT: Superior

End of Document                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 104 of 134

# ARRESTEE v. POLICE

Unknown California State Ct. |    January 1, 1988 |    JVR No. 31100

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 105 of 134

**ARRESTEE v. POLICE, JVR No. 31100 (1988)**

---

JVR No. 31100, 1988 WL 364729 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

ARRESTEE v. POLICE

N/A
DATE OF SETTLEMENT: January, 1988

TOPIC:

LIABILITY:

General: POLICE NEGLIGENCE

Specific: Excessive force

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $1,200,000**
**Total Verdict: $1,200,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Not Available

**PRIMARY INJURY: Blindness in One Eye**

**SUMMARY**
**SETTLEMENT TIME:**
**PLAINTIFF:**
Sex: Male

**DECEDENT:**
**DEFENDANT:**
Type: Single Organization

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $1,200,000

Total: $1,200,000

---

EXHIBIT 1 PAGE 106 of 134

**ARRESTEE v. POLICE, JVR No. 31100 (1988)**

**FACTS:**

A former member of the Black Panthers contended he was falsely arrested and beaten by police officers during a disturbance at a housing complex. The plaintiff claimed that his injury occurred when the defendant police officers struck him in the face with a flashlight. The defendants contended that the plaintiff was injured when he fell while being chased.

Jury Verdict Research
COURT:

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 107 of 134

# PLAINTIFF v. RED POOL MANUFACTURING COMPANY

Unknown California State Ct. |    October 1, 1999 |    JVR No. 376605

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 108 of 134

PLAINTIFF v. RED POOL MANUFACTURING COMPANY, JVR No. 376605 (1999)

JVR No. 376605, 1999 WL 33116336 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

PLAINTIFF v. RED POOL MANUFACTURING COMPANY

N/A
DATE OF SETTLEMENT: October, 1999

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Swimming Pool

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $1,600,000**
Punitive: $

Hedonic: $

Property: $

Other: $

Interest: $

Loss of Services: $

**Claimed Past Wage Expense: $**
**Claimed Future Wage Expense: $**
Plaintiff's Economist: $

Defendant's Economist: $

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: William L. Veen, San Francisco, CA
Kevin Lancaster, San Francisco, CA

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Contra Costa

EXHIBIT 1 PAGE 109 of 134

**PLAINTIFF v. RED POOL MANUFACTURING COMPANY, JVR No. 376605 (1999)**

**PRIMARY INJURY: Mild Brain Injury**

**SUMMARY**
**SETTLEMENT TIME:**
**PLAINTIFF:**
Sex: Male

Age: 39

**DECEDENT:**
Funeral Expense: $

Other Expenses: $

**DEFENDANT:**
Type: Single Organization

Sex: Organization

Organization Type: MANUFACTURING-TOYS AND SPORTING EQUIP.

Policy Limit: $

**DAMAGES:**
Past Medical: $

Future Medical: $

Past Wage: $

Future Wage: $

Pain and Suffering: $

Other: $1,600,000

Total: $1,600,000

Punitive: $

Hedonic: $

Property: $

Other: $

Interest: $

EXHIBIT 1 PAGE 110 of 134

**PLAINTIFF v. RED POOL MANUFACTURING COMPANY, JVR No. 376605 (1999)**

Loss of Services: $

**FACTS:**
A 39-year-old male suffered a mild brain injury, a skull fracture, facial fractures, tooth fractures, cervical strain and facial lacerations when a pool filter cannister, manufactured by the defendant company, was propelled into his face while he was examining his residential pool filter system. The plaintiff contended that the defendant failed to properly design and manufacture its product since the filter system permitted air to collect under force in an enclosed vessel which turned the cannister into a missile. The plaintiff further contended that the defendant failed to provide proper warnings of the inherently dangerous condition of the product. The defendant denied liability.

Jury Verdict Research
COURT:

End of Document                                           © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 111 of 134

# COCA v. CITY OF SAN JOSE

Superior Court of California. |      September 1, 1983 |      JVR No. 172711

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 112 of 134

**COCA v. CITY OF SAN JOSE, JVR No. 172711 (1983)**

JVR No. 172711, 1983 WL 247127 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court of California.

COCA v. CITY OF SAN JOSE

N/A
DATE OF SETTLEMENT: September, 1983

TOPIC:

LIABILITY:

General: POLICE NEGLIGENCE

Specific: Excessive force

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $4,000,000**
**Total Verdict: $4,000,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE: N/A

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Not Available

**PRIMARY INJURY: Facial Scarring**

**SUMMARY**
**SETTLEMENT TIME:**
**PLAINTIFF:**
Sex: Male

**DECEDENT:**
**DEFENDANT:**
Type: Single Organization

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $4,000,000

EXHIBIT 1 PAGE 113 of 134

**COCA v. CITY OF SAN JOSE, JVR No. 172711 (1983)**

Total: $4,000,000

**FACTS:**

A male suffered severe facial injuries when the defendant city's police officer shot him in the face while he was riding in the police vehicle.

Jury Verdict Research
COURT: Superior

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 114 of 134

## TRUONG v. DACOSTA

Unknown California State Ct. |     March 1, 1995 |    JVR No. 161409

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 115 of 134

TRUONG v. DACOSTA, JVR No. 161409 (1995)

JVR No. 161409, 1995 WL 690150 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

TRUONG v. DACOSTA

71-58-51
DATE OF INCIDENT: January, 1993
DATE OF TRIAL: March, 1995

TOPIC:

LIABILITY:

General: PERSONAL NEGLIGENCE

Specific: Assault

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award: $1,100,000**
**Total Verdict: $1,100,000**
**Final Demand: $100,000**
**Final Offer: $30,000**
**Claimed Past Medical: $147,000**
**Claimed Future Medical: $1,800,000**
**Claimed Past Wage Expense: $35,000**
**Claimed Future Wage Expense: $143,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Orange

**PRIMARY INJURY: Moderate Brain Damage**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 57

**DECEDENT:**
**DEFENDANT:**
Type: Single Individual

EXHIBIT 1 PAGE 116 of 134

**TRUONG v. DACOSTA, JVR No. 161409 (1995)**

Sex: Male

**DAMAGES:**
Other: $1,100,000

Total: $1,100,000

**FACTS:**
A 57-year-old unemployed man suffered brain damage with memory loss, loss of hearing in the right ear, multiple facial fractures, with the right eye torn out of the socket, and lacerations to the face and scalp when he was attacked by two men that were driven to the site of the incident, a gay beach by the male defendant. The two attackers were sentenced to prison, and six of the others involved in the assault settled prior to trial for $430,000. The plaintiff contended that the defendant was negligent for driving two known gay bashers to a gay beach. The defendant contended that had no way of knowing the men would attack someone. The defendant was found 20 percent negligent.

Jury Verdict Research
COURT:

End of Document                                © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 117 of 134

# NORRIS v. WELLS FARGO GUARD SERVICE; BORG-WARNER PROTECTIVE SERVICES, ET AL.

Superior Court, San Diego County, California. |    March 1, 1996 |    JVR No. 187887

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 118 of 134

**NORRIS v. WELLS FARGO GUARD SERVICE;..., JVR No. 187887 (1996)**

JVR No. 187887, 1996 WL 747036 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, San Diego County, California.

NORRIS v. WELLS FARGO GUARD SERVICE; BORG–WARNER PROTECTIVE SERVICES, ET AL.

685372
DATE OF INCIDENT: July, 1994
DATE OF TRIAL: March, 1996

TOPIC:

LIABILITY:

General: SECURITY COMPANY NEGLIGENCE

Specific: Excessive force

**SUMMARY**
Was Appeal Filed: Yes

**Outcome: Plaintiff Verdict**
**Non Verdict Award: $1,600,000**
**Total Verdict: $1,600,000**
**Final Demand: $275,000**
**Final Offer: $50,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: San Diego

**PRIMARY INJURY: Gunshot Wound to Abdomen**

**INJURY TO DOMINANT HAND / ARM: Yes**

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 21

General Occupation: STUDENT

EXHIBIT 1 PAGE 119 of 134

**NORRIS v. WELLS FARGO GUARD SERVICE;..., JVR No. 187887 (1996)**

**DECEDENT:**
**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: Public Administration-Justice, Public Order and Safety

**DAMAGES:**
Other: $600,000

Total: $600,000

Punitive: $1,000,000

**FACTS:**
A 21-year-old male student suffered a gunshot wound to the abdomen, requiring surgery to remove a section of the colon, and a gunshot wound to the right, major elbow, also requiring surgery, when he was in a park and was shot by the defendant company's security guard. The security guard had asked the plaintiff to leave the park; the plaintiff refused, and the security guard sprayed mace into the plaintiff's face, and a physical altercation began. The plaintiff contended that the defendant's security guard negligently arrested him, used excessive force, and intentionally inflicted emotional distress. The defendants contended that the actions of their employee were proper, and that excessive force was not used. An appeal has been filed.

Jury Verdict Research
COURT: Superior

End of Document    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 120 of 134

# CASTRO; CASTRO, PRO AMI v. BROZICK; GRIECO

Superior Court, Los Angeles County, California. |     December 1, 1993 |    JVR No. 161489

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 121 of 134

**CASTRO; CASTRO, PRO AMI v. BROZICK; GRIECO, JVR No. 161489 (1993)**

JVR No. 161489, 1995 WL 690062 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

CASTRO; CASTRO, PRO AMI v. BROZICK; GRIECO

NC 014 104
DATE OF INCIDENT: December, 1993

TOPIC:

LIABILITY:

General: PREMISES LIABILITY

Specific: Fire in apartment

**SUMMARY**
**Outcome: Settlement**
**Non Verdict Award: $1,500,000**
**Total Verdict: $1,500,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Los Angeles

**PRIMARY INJURY: Multiple Injuries**

**SUMMARY**
**SETTLEMENT TIME: Before Trial**
**PLAINTIFF:**
**DECEDENT:**
**DEFENDANT:**
Type: Multiple Individuals

Sex: P

General Occupation: Executive Management

Occupational Field: Services-Management

Policy Limit: $500,000

**DAMAGES:**

EXHIBIT 1 PAGE 122 of 134

**CASTRO; CASTRO, PRO AMI v. BROZICK; GRIECO, JVR No. 161489 (1993)**

Other: $1,500,000

Total: $1,500,000

**FACTS:**
This case involves five plaintiffs. A 27-year-old male suffered superficial burns; a 25-year-old female suffered third-degree burns to 20 percent of the body, resulting in the amputation of the left forearm and hand; a one-year-old male suffered third-degree burns to approximately 22 percent of the body, including the face and hands; a six-year-old female suffered burns to the left arm; and a three-year-old male died when a Christmas tree in their apartment caught fire from the pilot light of a wall heater. The apartment complex was owned by the defendant and managed by the male co-defendant. The plaintiffs contended that the co-defendant and his employee moved the tree closer to the wall heater when they were in the apartment to replace a water heater and that the defendant was vicariously liable for their injuries. The plaintiffs further contended that the defendants were negligent for failing to provide a working fire extinguisher in the vicinity. The defendants contended that the tree was not moved, that if the tree had been moved the fire would have begun sooner than six hours, and that they had previously provided fire extinguishers but they had been stolen. The total amount of the settlement to all plaintiffs was $1,500,000.

Jury Verdict Research
COURT: Superior

End of Document                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 123 of 134

# KEENE v. HOAG MEMORIAL HOSPITAL; PACIFIC RIM MECHANICAL, INC.

Unknown California State Ct. |    January 1, 1998 |    JVR No. 370228

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 124 of 134

**KEENE v. HOAG MEMORIAL HOSPITAL; PACIFIC RIM..., JVR No. 370228 (1998)**

---

JVR No. 370228, 1998 WL 1301746 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

KEENE v. HOAG MEMORIAL HOSPITAL; PACIFIC RIM MECHANICAL, INC.

773695
DATE OF INCIDENT: March, 1996
DATE OF FILING: January, 1997
DATE OF TRIAL: January, 1998

TOPIC:

LIABILITY:

General: PREMISES LIABILITY

Specific: Accident At Hospital

**SUMMARY**
Was Appeal Filed: Yes

Name of Person(s) Filing: Pacific Rim Mechanical, Inc.

**Outcome: Plaintiff Verdict**
**Total Verdict: $1,301,500**
**Final Demand: $200,000**
**Claimed Past Medical: $53,331**
**Claimed Future Medical: $15,000**
**Claimed Past Wage Expense: $71,089**
**Claimed Future Wage Expense: $162,080**

**EXPERT-WITNESSES:**
Orthopedic Surgeon: Mulvania, Richard L, MD, Tustin, CA
**ATTORNEY:**
Plaintiff: William G Paoli / Newport Beach, CA
Defendant: Mark G McGrath / Tustin, CA

RANGE AMOUNT: $1,000,000-1,999,999
STATE: California
COUNTY: Orange

**PRIMARY INJURY: Burns**

**SECONDARY INJURY: Herniated Disc, Cervical Strain, Shoulder Strain**

**SUMMARY**
**PLAINTIFF:**

---

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 125 of 134

KEENE v. HOAG MEMORIAL HOSPITAL; PACIFIC RIM..., JVR No. 370228 (1998)

Sex: Male

Age: 46

**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: SERVICES-HEALTH / NA

Age: NA / NA

Race: NA / NA

General Occupation: NA / NA

Occupational Field: NA / NA

Insurance: NA / NA

Policy Limit: NA / NA

**DAMAGES:**
Other: $1,301,500

Total: $1,301,500

**FACTS:**
A 46-year-old male plumber suffered burns to the face, chest and hands, herniated cervical discs and neck and shoulder strain when he was repairing a reheat coil system on the premises of the defendant hospital and he was sprayed with hot water. The plaintiff contended that the Co-defendant Company was negligent in its installation of the soldered joint. The defendants denied liability and contended that the plaintiff improperly repaired the system. The co-defendant contended that the defendant was negligent in its maintenance of the system and the defendant contended that the co-defendant was contributorily negligent.

Jury Verdict Research

---

**End of Document**                                  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 126 of 134

# DANCE v. THOR INDUSTRIES INC.; SUBURBAN MANUFACTURING CO.; YOUNG'S RV CENTER; RALLY PONTIAC

Unknown California State Ct. |      December 1, 2001 |      JVR No. 442447

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 127 of 134

**DANCE v. THOR INDUSTRIES INC.; SUBURBAN..., JVR No. 442447 (2001)**

JVR No. 442447, 2001 WL 35105638 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown California State Ct.

DANCE v. THOR INDUSTRIES INC.; SUBURBAN
MANUFACTURING CO.; YOUNG'S RV CENTER; RALLY PONTIAC

BCV06600
DATE OF INCIDENT: December, 2001

TOPIC:

LIABILITY:

General: PRODUCTS LIABILITY

Specific: Recreational Vehicle

SUMMARY
**Outcome: Settlement**
**Non Verdict Award: $2,700,000**
**Total Verdict:**
**Judge Reduced Award To:**
**Final Demand: $2,000,000**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Steven V. Angarella, Los Angeles, CA
Aaron S. Bregman, Encino, CA
Victor L. George, Manhattan Beach, CA
Patrick Gerard Vastano, Los Angeles, CA
Defendant: Scott S. Blackstone, Tustin, CA
Craig R Breitman, Los Angeles, CA
Alan F. Herman, Atlanta, GA
John Randolph Huston, Los Angeles, CA
Alan Howard Lazar, Los Angeles, CA
Scott B. Spriggs, Riverside, CA

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California

EXHIBIT 1 PAGE 128 of 134

COUNTY: San Bernardino

**PRIMARY INJURY: Minor Burns**

**SUMMARY**
**SETTLEMENT TIME: After Filing**
**PLAINTIFF:**
Sex: Female

Age: An adult of undetermined age.

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Multiple Organizations

Sex: Organization

Organization Type: MANUFACTURING-FABRICATED METAL PRODUCTS

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering:

Other: $2,700,000

Total: $2,700,000

Punitive:

Hedonic:

Property:

Other:

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 129 of 134

**DANCE v. THOR INDUSTRIES INC.; SUBURBAN..., JVR No. 442447 (2001)**

Interest:

Loss of Services:

**FACTS:**
A female suffered burns to her face, hand, and neck when the travel trailer in which she was a passenger, manufactured by the defendant and purchased at auction from the fourth-named defendant, exploded when a match was lit to light the stove after propane gas had leaked into the trailer from a connection to the furnace, designed and manufactured by the codefendant and repaired by the third-named defendant. The plaintiff contended that the defendant designed and manufactured the trailer in a defective manner, failed to provide a leak detection device in the trailer, and failed to connect the gas line on the exterior of the trailer. The plaintiff further contended that the codefendant negligently designed and manufactured the furnace with the gas supply line attached to the interior of the trailer and failed to warn that Teflon tape was dangerous to use to connect the line. The plaintiff also contended that the third-named defendant failed to provide expert installation of the furnace and failed to provide standard business practices, and that the fourth-named defendant negligently sold the trailer in a defective condition, and that it was unsafe for its intended purpose and use. The defendants denied liabilty and contended that the plaintiff's spouse incorrreely installed the furnace, created a dangerous condition by using Teflon tape, and that the plaintiff and her family failed to act upon the smell of the propane gas, which should have been present, before lighting the match. The plaintiff's son also suffered injuries and her spouse died in this incident. Both her son and her spouse's estate received awards.

Jury Verdict Research
COURT:

End of Document                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 130 of 134

# DAMIANAKES v. CITY OF LOS ANGELES

Superior Court, Los Angeles County, California. |     April 1, 1996 |     JVR No. 185420

### Search Details

| | |
|---|---|
| Search Query: | DOG BITE FACE |
| Jurisdiction: | California |

### Delivery Details

| | |
|---|---|
| Date: | April 2, 2019 at 11:58 AM |
| Delivered By: | Minh Nguyen |
| Client ID: | JARVIS |

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 131 of 134

DAMIANAKES v. CITY OF LOS ANGELES, JVR No. 185420 (1996)

JVR No. 185420, 1996 WL 642815 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court, Los Angeles County, California.

DAMIANAKES v. CITY OF LOS ANGELES

BC 101-094
DATE OF INCIDENT: May, 1993
DATE OF TRIAL: April, 1996

TOPIC:

LIABILITY:

General: CITY GOVERNMENT

Specific: Sex discrimination

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award: $2,300,000**
**Total Verdict: $2,300,000**
**Final Demand: $800,000**
**Final Offer: $200,000**
**Claimed Future Wage Expense: $780,000**

**EXPERT-WITNESSES:**
**ATTORNEY:**

JUDGE:

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: Los Angeles

**PRIMARY INJURY: Constructive Discharge**

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: 35

General Occupation: POLICE OFFICER

Occupational Field: PUBLIC ADMINISTRATION-JUSTICE, PUBLIC ORDER AND SAFETY

**DECEDENT:**

EXHIBIT 1 PAGE 132 of 134

**DAMIANAKES v. CITY OF LOS ANGELES, JVR No. 185420 (1996)**

**DEFENDANT:**
Type: Single Organization

Sex: Organization

Organization Type: Public Administration-Executive Legislative and General

**DAMAGES:**
Other: $2,300,000

Total: $2,300,000

**FACTS:**
In this bifurcated trial, a 35-year-old female SWAT team member claimed emotional distress and constructive discharge when she was discriminated against by the defendant. The plaintiff contended that, as a police officer, she was passed over twice for a position on the SWAT team, and that after she filed a grievance she was offered a position. The plaintiff further contended that she was treated differently than the other SWAT members because she was a female. The plaintiff maintained that she resigned her position because of a hostile work environment. The defendant contended that the plaintiff was not originally offered a position because she was slower on the runs and obstacle course, and her shooting skills were poor as compared to her competitors. The defendant also contended that the plaintiff was unable to handle the typical jokes and pranks of the team, and that there was no retaliation. The defendant further maintained that the plaintiff resigned due to typical work-related concerns any individual faces. Following post-trial motions, the court found that the award was not supported by the evidence; and due to plaintiff's attorney and juror misconduct, and the judge's error, a new trial has been granted.

Jury Verdict Research
COURT: Superior

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1 PAGE 133 of 134

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **PROOF OF CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/3/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (CR)      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Julian K Bach (CR)         Julian@Jbachlaw.com, julianbach@sbcglobal.net
Nancy K Curry (TR)        TrusteeECFMail@gmail.com
Cynthia Grande (DB)       ecf@thegrandelawfirm.com, cynthia.grande@gmail.com, r60020@notify.bestcase.com;
                          1941l@notices.nextchapterbk.com
Mark S Krause (CR)        bankruptcy@zbslaw.com, mkrause@ecf.courtdrive.com
US Trustee (LA)           ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:  On 4/3/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 4/3/2019,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Vincent P. Zurzolo, USBC Central District of California, 255 E. Temple Street, Suite 1360, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/3/2019 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010

A true and correct copy of the foregoing document entitled: **NOTICE OF HEARING, NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/8/2019    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Julian K Bach (CR)      Julian@Jbachlaw.com, julianbach@sbcglobal.net
Cynthia Grande (DB)     ecf@thegrandelawfirm.com, cynthia.grande@gmail.com, r60020@notify.bestcase.com;
                        1941l@notices.nextchapterbk.com
Mark S Krause (CR)      bankruptcy@zbslaw.com, mkrause@ecf.courtdrive.com
Nancy K Curry (TR)      TrusteeECFMail@gmail.com
US Trustee (LA)         ustpregion16.la.ecf@usdoj.gov                    ☐

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  4/8/2019   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  4/8/2019   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Vincent P. Zurzolo, USBC Central District of California, 255 E. Temple Street, Suite 1360, Los Angeles CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/8/2019 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.